J-S15023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRYANT KEVIN JOHNSON | |
| Appellant | No. 1039 MDA 2014 |

Appeal from the Judgment of Sentence of May 19, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0005037-2004

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRYANT KEVIN JOHNSON | |
| Appellant | No. 1040 MDA 2014 |

Appeal from the Judgment of Sentence of May 19, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0000747-2005

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRYANT KEVIN JOHNSON | |
| Appellant | No. 1041 MDA 2014 |

Appeal from the Judgment of Sentence of May 19, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0000746-2005

BEFORE: LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                          **FILED MAY 15, 2015**

Bryant Kevin Johnson appeals from the judgment of sentence entered on May 19, 2014, following the revocation of his special probation. We affirm.

A previous panel of this Court set forth the underlying history of this case as follows:

> On April 4, 2005, Johnson pled guilty to multiple offenses, including theft by deception, identity theft, forgery, and tampering with public records. Johnson agreed to enter a guilty plea in exchange for three to six years' incarceration, ten years' probation, and 469 days' credit for time already served. The 469 days' credit would be more than one-third of [Johnson's] minimum sentence.
>
> On that same day, the trial court sentenced Johnson pursuant to the negotiated plea agreement. However, at some later point, Johnson discovered that the Department of Corrections ("DOC") refused to acknowledge this "credit time." No direct appeal was taken to this Court, but on November 3, 2005, Johnson filed a timely PCRA petition,[1] which was then dismissed on November 10, 2005.
>
> Johnson filed a *pro se* request for reconsideration on November 29, 2005, which was granted on January 13, 2006. The PCRA court appointed counsel and Johnson filed an amended petition. On March 22, 2006, the PCRA court issued notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On May 1, 2006, the PCRA court entered an

---

[1]     **See** Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.

order denying Johnson's PCRA petition as meritless. Johnson filed [a] timely appeal on May 16, 2006.

***Commonwealth v. Johnson***, Nos. 867-69 MDA 2006, unpublished memorandum at 1-2 (Pa. Super. Feb. 27, 2007).

Thereafter, the trial court has summarized the following facts and procedural history:

On February 2[7], 2007, the Superior Court reversed and remanded this matter for either a resentencing or the withdrawal of the plea because [Johnson's] plea was "based on an expectation that was not legally possible." ***See Commonwealth v. Rathfon***, 899 A.2d 365 (Pa. Super. 2006). As a result, the Commonwealth . . . filed a motion to reschedule a status/sentencing hearing, which was ultimately held on April 23, 2007. [Johnson] was resentenced to a period of not less than 626 days, reflecting the 469 days of credit due, or more than six years in a state correctional facility. [The only change to Johnson's sentence was to order explicitly the credit for time served.]

On April 7, 2014, the Adult Probation Department requested [the trial c]ourt schedule a ***Gagnon II***[2] hearing on the basis that [Johnson] allegedly violated four conditions of his special probation. A hearing was held on May 19, 2014, whereupon [Johnson], represented by counsel, admitted to violating three of the conditions: failure to reside in the approved residence, failure to report regularly and failure to abstain from the use of controlled substances. Notes of Testimony ("N.T."), 5/19/2014, at 5. The [c]ourt found [Johnson] in violation of his special probation and it was revoked. [Johnson] was then resentenced in each of his three cases and the sentences were made concurrent to each other. [Johnson] was given credit for time served and made [RRRI[3]] eligible. On June 19, 2014, counsel

_____

2    ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

3    ***See*** Recidivism Risk Reduction Incentive Act ("RRRI"), 61 Pa.C.S.A. §§ 4501, *et seq*.

for [Johnson] filed a Notice of Appeal to the Superior Court. On June 23, 2014, [the trial court] ordered counsel to file a concise statement of the errors complained of on appeal [pursuant to Pa.R.A.P. 1925(b)], which he filed on July 14, 2014.

Trial Court Opinion ("T.C.O."), 8/5/2014, at 2-3 (citations reformatted). The trial court entered its opinion pursuant to Pa.R.A.P. 1925(a) on August 5, 2014.

Johnson presents three questions for our review:

1. Whether the sentence of the court of May 19, 2014 was illegal due to the fact that the court ordered credit time of 112 days and made the sentence concurrent to a sentence [Johnson] was already serving from another county when the court knew the practice of the Pennsylvania Board of Probation and Parole would likely not properly credit the time served to [Johnson's] case and would not make the sentence in this case concurrent to the sentence [Johnson] was serving from another county?

2. Whether the sentence of the court of May 19, 2014 was barred by *res judicata* because the Pennsylvania Board of Probation and Parole previously sentenced [Johnson] on April 8, 2014 to serve 6 months for the identical technical violations for which the court revoked his probation in these cases and sentence him to an aggregate term of 1 year to 10 years?

3. Whether the sentence of the court [of] May 19, 2014 was excessive because it was only based upon technical violations and also did not account for the period of time [Johnson] already served on the probation sentence that was revoked?

Johnson's Brief at 7.

Before we address Johnson's issues, we note that our standard of review of sentences following revocation of probation is as follows:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in

- 4 -

judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). [U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

> (1)   the defendant has been convicted of another crime; or

> (2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3)   such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

In addition, in all cases where the court resentences an offender following revocation of probation . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. 42 Pa.C.S. § 9721(b). A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043-44 (Pa. Super. 2014) (case citations and quotation marks omitted).

> Under 42 Pa.C.S.A. § 9760, the sentencing court is to give credit "against the maximum term and any minimum term . . . for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." 42 Pa.C.S.A. § 9760(1).

***Commonwealth v. Yakell***, 876 A.2d 1040, 1042 (Pa. Super. 2005).

At Johnson's 2005 sentencing, at Docket no. 747-05, he was subject to a maximum sentence of 120 months for forgery, 18 Pa.C.S.A. § 4101(c); at Docket no. 5037-04, he was subject to maximum sentences of eighty-four months for theft by deception for amounts between $25,000 and $50,000, 18 Pa.C.S.A. § 3922, and to eighty-four months for identity theft as a third or subsequent offense, 18 Pa.C.S.A. § 4120(c)(1)(iv); and at Docket no. 746-05, he was subject to a maximum sentence of eighty-four months for theft by deception for amounts between $25,000 and $50,000, 18 Pa.C.S.A. § 3922. ***See*** Guideline Sentence Forms, 5/6/2005. The aggregate maximum sentence was 372 months, or thirty-one years. ***See*** 42 Pa.C.S.A. § 9771(b). The revocation court's aggregate sentence of not less than one nor more than ten years' incarceration with credit for time served is well within the maximum sentence that could have been imposed at the time that the court granted Johnson a probationary sentence. ***See Colon***, 102 A.3d at 1043-44. Therefore, on its face, the court imposed a legal sentence, and we turn to a review of Johnson's issues.

In his first issue, Johnson contends that his revocation sentence is illegal because "the court is unable to direct that the new sentence be served concurrent to a technical parole violation and Johnson believes that he will not be awarded the 112 days credit time ordered by the trial court." *Id.* at 18. We disagree.

"A challenge to the Bureau of Correction's computations or construction of the terms of sentences imposed is neither a direct nor even a collateral attack on the sentences imposed . . . ." ***Commonwealth v. Perry***, 563 A.2d 511, 513 (Pa. Super. 1989). The appropriate vehicle for redress of any specific calculation of time served is an original action in the Commonwealth Court challenging the DOC's computation, after exhausting any administrative remedies available through the DOC's internal grievance process. *Id.* at 512-13; ***see also Black v. Pennsylvania Department of Corrections***, 889 A.2d 672, 674 (Pa. Cmwlth. 2005).

"Where a sentencing court clearly gives credit against the VOP sentence for time served, it is DOC's duty to carry out that sentencing order. DOC is bound to follow a trial court's order granting an inmate credit for time served." ***Allen v. Commonwealth***, 103 A.3d 365, 372 (Pa. Cmwlth. 2014).

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a

writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

**Commonwealth v. Perry**, 563 A.2d 511, 512-13 (Pa. Super. 1989).

Here, Johnson argues that his sentence is illegal because the court knew that the Pennsylvania Board of Probation and Parole is unlikely to credit time served or run the underlying sentences concurrently to a sentence being served in another county. Johnson's Brief at 18. At the revocation hearing, the trial court sentenced Johnson as follows:

> May 19th, 2014, and this would be in 5037 of 2004, Count 5, 746 of 2005, Count 2, 747 of 2005, Count 1, forgery, the Court enter[s] order after informal hearing having been held and [Johnson] having admitted the violations . . . .
>
> With regard to 746 of 2005, Count 2, felony 3, sentence is that [Johnson] be committed for a period of no less than 1 year no more than 7 years to the Bureau of Corrections for confinement in a state correctional facility. [Johnson] is triple RI eligible, 112 days credit. He will pay the court costs, $100 fine, $13,623.41 in restitution. And he will pay the $50 criminal justice fee.
>
> 747 of 2005, Count 1 forgery, a felony of the 2nd degree, the sentence is that [Johnson] be committed for a period of no less than 1 year nor more than 10 years to the Bureau of Corrections for confinement in a state correctional facility. [Johnson] is triple RI eligible. This sentence is effective today and to be concurrent with 746 of 2005, Count 2, 112 days credit, pay the court costs, $50 fine, zero restitution and pay the $50 criminal justice enhancement fee.
>
> On 5037 of 2004, Count 5, tampering with public records, the sentence is that [Johnson] be committed for a period of no less than 1 year no more than 7 years to the Bureau of Corrections for confinement in a state correctional facility. [Johnson] is triple RI eligible. This sentence shall be effective today and be concurrent with the sentence imposed at 746 of 2005, Count 2, 747-2005, Count 1, 112 days credit. [Johnson] will pay the court costs, fine in the amount of $50, zero restitution, $50

criminal justice fee and in all three dockets submit to urine surveillance and other testing . . . .

Notes of Testimony ("N.T."), 5/19/2014, at 11-13. The court unambiguously ordered that the three dockets on which Johnson was being revoked on May 18, 2014, were to run concurrently to each other. Counsel for Johnson made the trial court aware that Johnson had previously been revoked in Philadelphia on violation of special parole. *Id.* at 8-10. Johnson does not allege that the Board of Probation and Parole actually has failed to credit him with the time served in this instant case; he merely argues that it is not "likely" to do so, thus constituting an illegal sentence by the trial court.

Upon review, Johnson's revocation sentence in the instant appeal is unambiguous, and any future error in calculating Johnson's time served must be challenged in the Commonwealth Court. *See Perry*, 563 A.2d at 512-13. Johnson is not entitled to the relief he claims he is due in this issue.[4]

In his second issue, Johnson contends that his sentence is barred by the doctrine of *res judicata* because the Parole Board "previously sentenced

---

[4] It is also worth noting that, unlike Johnson's original underlying sentence, Johnson's revocation sentence is not imposed pursuant to a guilty plea, and its legality does not depend upon whether it was knowing, intelligent, or voluntary. Therefore, the concern raised on direct appeal and discussed previously in *Rathfon*, *supra*, that his sentence was "based on an expectation that was not legally possible," does not apply here. *Rathfon*, 899 A.2d at 365. Instead, we review whether his revocation sentence was an exercise of sound discretion by the trial court. *Colon*, 102 A.3d at 1043-44.

[Johnson] on April 8, 2014 to serve 6 months for the exact same technical violations for which the court revoked his probation in this case and sentenced him to a term of 1-10 years." Johnson's Brief at 23. We disagree.

"This claim constitutes a challenge to the legality of the sentence. Our standard of review is whether an error of law occurred." ***Commonwealth v. Weathers***, 95 A.3d 908, 911 (Pa. Super. 2014).

Johnson contends that *res judicata* precludes the trial court from imposing sentence because "for the conduct that he is violating, the terms of his special probation in the three cases in Berks County is the same conduct that he was sentenced for 6 months as a technical parole violator on the parole case." N.T. at 10. Johnson maintains that both the underlying parole which was revoked and the violations are the same as those for which he was sentenced here. However, as noted by the trial court at Johnson's revocation hearing, the six-month sentence technical parole violation arose from completely separate charges in Philadelphia. ***See*** N.T. at 10. The instant underlying charges arose in Berks County, and as the court also observed, these charges (and the responsibility for resentencing Johnson for violation of special probation thereof) remain with the court in Berks. ***See*** T.C.O. at 6; ***see also Commonwealth v. Mitchell***, 955 A.2d 433, 437 (Pa. Super. 2008) ("[T]he trial court at all times retained the power, authority, and jurisdiction to assess whether Appellant violated his 'special' probation, to revoke it, and to re-sentence Appellant following revocation[.]").

To the extent that Johnson seems to argue that the same behavior which triggered a revocation of his parole in Philadelphia cannot also be counted as a violation of his special parole in Berks, such a claim is unavailing. Quite simply, "[t]he court may revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S.A. § 9771(b). The statute does not require one instance of violation per order revoking probation, nor is there any support in our case law to conclude that each instance of violation may only be applied to one probation revocation at a time. Johnson's second issue does not merit relief.

Third, Johnson contends that his sentence was "excessive because it was only based upon technical violations and also did not account for the period of time [Johnson] was already on the probation sentence that was revoked." Johnson's Brief at 25. We disagree.

A claim that a sentence is excessive presents a challenge to the discretionary aspects of sentence. **Commonwealth v. Ahmad**, 961 A.2d 884, 886 (Pa. Super 2008). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004).

To obtain review of the merits of a challenge to the discretionary aspects of a particular sentence, an appellant must include a Pa.R.A.P. 2119(f) statement in his brief. Therein, "the appellant must show that there is a substantial question that the sentence imposed is not appropriate

- 11 -

under the Sentencing Code." ***McAfee***, 849 A.2d at 274. A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) (quoting ***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2002)). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*)) (emphasis omitted).

Johnson preserved his claim in a motion for reconsideration, filed a timely notice of appeal, and included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). ***See*** Johnson's Brief at 16. Moreover, "a claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a question that we should review." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2006). Thus, we will review the merits of Johnson's excessiveness claim.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Simmons***, 56 A.3d 1280, 1283-84 (Pa. Super. 2012).

- 12 -

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Mouzon*, 828 A.2d at 1128.

[O]nce probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1)   the defendant has been convicted of another crime; or

(2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3)   such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

*Colon*, 102 A.3d at 1044.

Here, the trial court considered the nature of Johnson's violations to determine that his conduct indicated that it is likely that he would commit another crime, and that revocation was essential to vindicate the court's authority. At the revocation hearing, the court observed that Johnson "failed to reside in an approved residence, failed to report regularly and failed to abstain from the use of controlled substances." N.T. at 5. The court was made aware that Johnson had a drug and alcohol problem that led to the technical violations of the terms of his probation, and the court stated that Johnson would get treatment while incarcerated. *Id.* at 7-8. Therefore, the court found adequate reasons of record to state that Johnson was "no longer

- 13 -

amenable to a period of probation." *Id.* at 12. Accordingly, the trial court did not abuse its discretion in ordering an aggregate revocation sentence of incarceration of one to ten years. *Colon*, 102 A.3d at 1044; *Simmons*, 56 A.3d at 1283-84. Johnson's third issue does not merit relief.

 Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/15/2015