Luke OAKMAN, Petitioner

v.

DEPARTMENT OF CORRECTIONS, Marilyn S. Brooks, Superintendent, Gill, Records Room Supervisor of the State Correctional Institute at Albion, Pennsylvania, and Robert J. Durison, Director of CMR/PPS, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 13, 2006.

Decided Feb. 15, 2006.

Luke Oakman, petitioner, pro se.

Timothy A. Holmes, Asst. Counsel and Michael A. Farnan, Chief Counsel, Camp Hill, for respondents.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Before this Court is the preliminary objection in the nature of a demurrer filed respondents Marilyn S. Brooks (Brooks) and Gill in response to a *pro se* petition for review in the nature of mandamus filed by Luke Oakman (Oakman) seeking credit for time served from December 30, 1984 to January 7, 1987, against his modified revocation sentence.[1]

Oakman is currently incarcerated in the State Correctional Institution at Albion (SCI–Albion) for a 1984 burglary committed while on bail for another crime. Burglary is a felony of the first degree with a statutory maximum of 20 years. 18 Pa. C.S. § 1103. Oakman pled guilty to the burglary charge and received a split sentence of one to two years of imprisonment followed by three years of probation.[2] After serving the imprisonment portion of his split sentence between December 30, 1984 and January 7, 1987, he began serving the three-year probationary period.

While still on probation, Oakman was arrested and convicted for robbery, thereby violating his probation for the burglary crime. He was sentenced on May 23, 1990, to two concurrent terms of four to 10 years for robbery with another two-month sentence for contempt of court to run consecutively. His three-year probationary period for the burglary crime was revoked on October 5, 1990, and he was resentenced on that crime (VOP sentence) to three and one-half years to seven years of incarceration, but he alleges, with credit from December 30, 1984 to January 7, 1987, the time he served on the split sentence.[3]

On June 11, 1993, the Department calculated Oakman's total sentence for all the offenses for which he owed time to be seven years, eight months to 17 years, with a maximum release date of May 16, 2005. This release date was calculated based on its reading of the VOP sentencing order that he was to be given credit for time served between December 30, 1984 and January 7, 1987, on the split sentence. However, on July 10, 2002, Durison, in his

---

1. When Oakman filed his original petition for review, he did not name the Department of Corrections (Department) but only the individuals. On July 6, 2005, we ordered Oakman to amend the petition to add the Department, which he did on July 21, 2005. On August 22, 2005, preliminary objections were filed by Brooks and Gill only, through a Department lawyer, noting that Robert Durison (Durison) was not a Department employee and that counsel did not represent him. While the Department as an entity never had filed preliminary objections, the brief filed by the Department's lawyer included DOC in the caption and the wherefore cause stated that "The Department respectfully requests ...", hence, our inclusion of the Department as a party in the above caption.

2. While serving this split sentence, he was also serving a concurrent sentence of one to two years (CP# 1899) that was imposed on April 17, 1985.

3. The VOP sentencing order was not attached to the complaint nor is it elsewhere in the record.

capacity of Director of Classification, Movement & Registration of the Philadelphia Prison System, informed the Department that Oakman's credit of December 30, 1984 to January 7, 1987, was awarded to him in error and should be removed from his sentence.[4] As a result, the Department, acting through Gill in her capacity as the record supervisor at SCI–Albion, removed the credit and changed Oakman's maximum release date from May 16, 2005 to November 11, 2006.

■ Alleging that the trial court gave him credit for the period between December 30, 1984 to January 7, 1987, when he was resentenced, Oakman then filed a Petition for Writ of Habeas Corpus and/or Mandamus in this Court's original jurisdiction[5] contending that the modification of his VOP sentence years after the sentence was issued to him without a hearing violated his due process rights, constituted double jeopardy and was illegal under 42 Pa.

C.S. § 5505 because it was issued more than 30 days after the trial court's original order.[6]

■ The Department filed preliminary objections in the nature of a demurrer contending that Oakman has not made out a claim upon which relief can be granted. It alleges that under *McCray v. Dept. of Corrections* and *Aviles v. Department of Corrections*, 875 A.2d 1209 (Pa.Cmwlth. 2005), relief cannot be granted because no matter what the trial court's order provides, there can be no credit for time served unless the VOP sentence exceeds the 20 year statutory maximum for the crime of burglary which this sentence does not.[7] However, that involves a misreading of both of those cases.

Recently, in *Black v. Department of Corrections*, 889 A.2d 672 (Pa.Cmwlth. 2005), we stated that both *McCray* and *Aviles* did not hold that mandamus was unavailable if the VOP sentence did not

---

4. Durison stated in the memo: "I believe what the clerk wrote on the McKee sentence commitment [12–30–84 to 1–7–87] is in error and should be removed. For one thing, Judge Cain imposed a jail sentence on CP83–12–1989–1899 on 4–17–85–if that sentence was indeed running, there is no way the inmate could be credited for that period of time. Remember also that Mr. Oakman served a jail sentence for an F–1 Burglary prior to his 1–5–90 re-sentencing as an F–1 conviction carries a 10 to 20 year statutory maximum sentence, there is no way credit for prior time served on the 4–1–86 sentence can be applied to the VOP sentence of 10–5–90 under *Commonwealth v. Williams*." (Exhibit A from Oakman's Amended Petition for Writ of Habeas Corpus and/or Mandamus).

5. A proceeding in mandamus is an extraordinary action at common law and is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy, there is a clear legal right in the plaintiff, and a corresponding duty in the defendant. *Jackson v. Vaughn*, 565 Pa. 601, 777 A.2d 436 (2001). Where the actions of the Department

in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been met. *McCray v. Pennsylvania Department of Corrections*, 582 Pa. 440, 872 A.2d 1127 (2005).

6. 42 Pa.C.S. § 5505 provides as follows: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

7. In ruling on a demurrer, we must accept as true all well-pled material allegations in the petition for review as well as all inferences reasonably deducible from the allegations. To sustain a demurrer, it must appear with certainty the law will not permit recovery; any doubt must be resolved by a refusal to sustain the demurrer. *Kretchmar v. Commonwealth*, 831 A.2d 793 (Pa.Cmwlth.2003), *petition for allowance of appeal denied*, 577 Pa. 728, 847 A.2d 1289 (2004).

exceed the statutory maximum, but only held that mandamus was unavailable where the order in question did not clearly provide that credit was to be given. Regarding *McCray,* we stated that it only held that where a VOP sentence does not award credit or the award of credit is ambiguous, the defendant is required to express his concerns about this matter by raising an objection to the sentencing court to clarify its sentence, not seek mandamus. Regarding *Aviles,* we stated that it only held that the trial court was presumed to have taken into consideration any time served prior to a violation of probation in the determination of the VOP sentence, and if the sentencing court wants to give credit and does so, it must say so clearly. Finally, in *Black,* we went on to note that this was in accord with *Commonwealth v. Yakell,* 876 A.2d 1040 (Pa.Super.2005), where our Superior Court stated that because an award for credit for time served against the VOP sentence was discretionary,[8] "[i]n the future, in order to prevent confusion such as happened in this matter, the trial court, when resentencing after revocation of parole or probation, should state on the record whether or not the new sentence is inclusive of the original sentence and formulate and furnish the new sentence accordingly." *Id.* at 1044.

Regarding when mandamus can be used, even when the VOP sentence did not exceed the maximum, we stated in *Black:*

> When a sentencing court follows the Superior Court's suggestion by making an order that is clear, whether the new sentence is inclusive or not of the original sentence, mandamus would then be available to an inmate to have the Department carry out that clear direction.

*Black,* at 677.

 Mandamus, then, is available as a remedy if it can be established that the trial court's sentencing order clearly gives credit against the VOP sentence for time served on the original split sentence.

In this case, Oakman has pled in his petition that the trial court gave him credit against his VOP sentence for the time served on his original split sentence from December 30, 1984 to January 7, 1987. Because he alleges that the trial court's VOP sentencing order provided that he is to receive credit for time served, mandamus can be maintained to have the Department comply with the clear instructions of the trial court. Accordingly, the preliminary objection is dismissed.

### ORDER

AND NOW, this *15th* day of *February,* 2006, the preliminary objection in the nature of a demurrer filed by respondents Brooks and Gill is overruled and all respondents are directed to file an answer within 30 days of this Order.