J-S70033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DARNELL P. LLOYD, | : | |
| | : | |
| Appellant | : | No. 454 EDA 2016 |

Appeal from the PCRA Order January 4, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-1110191-2002

BEFORE: OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 03, 2016**

Darnell P. Lloyd ("Lloyd") appeals, *pro se*, from the Order dismissing his Petition for Writ of *Habeas Corpus*. We affirm.

On September 12, 2002, police arrested Lloyd after he shot and killed two men, and wounded another. A jury later found Lloyd guilty of two counts of third-degree murder, and one count each of attempted murder and criminal conspiracy. On September 13, 2005, the trial court sentenced Lloyd to an aggregate prison term of 16-32 years.[1] This Court affirmed Lloyd's judgment of sentence, after which the Supreme Court of Pennsylvania denied Lloyd's Petition for allowance of appeal. ***Commonwealth v. Lloyd***, 929 A.2d 242 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 983 A.2d 1247 (Pa. 2009). On April 19, 2010, the United States

_____

[1] Notably to this appeal, the trial court ordered that Lloyd receive credit for all of the time he had served in pretrial confinement, which was not credited toward another sentence.

Supreme Court denied Lloyd's Petition for Writ of *Certiorari*. **Lloyd v. Pennsylvania**, 559 U.S. 1073, 130 S. Ct. 2101 (2010).

On March 21, 2011, Lloyd filed a *pro se* Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel to represent Lloyd. After appropriate Notice, the PCRA court, on September 5, 2012, denied Lloyd's Petition, and granted counsel leave to withdraw from representation pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). This Court affirmed the PCRA court's Order on May 22, 2013. **Commonwealth v. Lloyd**, 81 A.3d 1001 (Pa. Super. 2013) (unpublished memorandum).

On March 16, 2015, Lloyd, *pro se*, filed the instant Petition for Writ of *Habeas Corpus*, challenging the Pennsylvania Department of Corrections' ("the DOC") computation of his credit for time served.[2] On November 13, 2015, the trial court issued a Pa.R.Crim.P. 907 Notice, treating Lloyd's

---

[2] In sum, Lloyd pointed out that, following his convictions in the instant case, a separate trial court revoked Lloyd's probation on a prior conviction, and sentenced him, on July 7, 2005, to serve 1-2 years in prison, to run consecutive to any other sentence. Lloyd claimed that the DOC improperly "refused to compute [Lloyd's] sentence in the [instant] case to reflect credit for time served from 9/12/02[, *i.e.*, the date of Lloyd's arrest in the instant case,] to 7/7/05[,] even though none of this time has been credited toward [Lloyd's probation revocation] sentence." Petition for Writ of *Habeas Corpus*, 3/16/15, at 2, ¶ 11. Lloyd, however, did not challenge the legality of his sentence. **See id.** at 2, ¶ 10 (stating that the sentence imposed in the instant case "is a lawful sentence").

Petition as a second petition for relief filed under the PCRA, and stating its intention to deny the Petition without a hearing. Lloyd did not file a response to the Rule 907 Notice. By an Order entered on January 4, 2016, the trial court dismissed Lloyd's Petition as untimely filed under the PCRA. Lloyd filed a timely *pro se* Notice of Appeal, after which the trial court issued an Opinion.[3]

Lloyd now presents the following issues for our review:

A. Whether the trial court abused its discretion in [dismissing Lloyd's] Petition for Writ of *Habeas Corpus* seeking credit for time served from September 12, 2002 to July 7, 2005, as an untimely [P]etition pursuant to the PCRA?

B. Whether the trial court abused its discretion in dismissing [Lloyd's] Petition for Writ of *Habeas Corpus* without awarding all credit for time served from September 12, 2002 to July 7, 2005?

Brief for Appellant at 3.

The PCRA provides that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S.A. § 9542. "Accordingly, *if the PCRA offers a remedy for an appellant's claim*, it is the sole avenue of relief and the PCRA time limitations apply." **Commonwealth v. Wyatt**, 115 A.3d 876, 879 (Pa. Super. 2015) (emphasis added); **see also Commonwealth v. Turner**, 80

---

[3] The trial court did not order Lloyd to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

A.3d 754, 770 (Pa. 2013) (same); 42 Pa.C.S.A. § 9545(b)(1) (providing that a defendant must generally file any PCRA petition within one year of the date that the judgment becomes final).

> This Court has clarified the different claims a prisoner may raise regarding credit for time served and the mechanisms for raising such claims:

>> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

>> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

*Wyatt*, 115 A.3d at 879 (quoting *Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014)); *see also McCray v. Pa. Dep't. of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005) (stating that "[w]here discretionary actions and criteria are not being contested, but rather the actions of the [DOC] in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for *mandamus* remains viable as a means for examining whether statutory requirements have been met."); *Black v. Pa. Dep't of Corr.*, 889 A.2d 672, 674 (Pa. Cmwlth. 2005) (stating that the appropriate vehicle for redress of any specific calculation of time served

would be an original action in the Commonwealth Court challenging the DOC's computation, after exhausting any administrative remedies available through the DOC's internal grievance process).

In the instant case, Lloyd's claim in his Petition for Writ of *Habeas Corpus*, alleging that the DOC incorrectly computed his credit for time served and his maximum and minimum dates of confinement, is not cognizable under the PCRA. **See Wyatt**, **supra**. Accordingly, the trial court improperly treated Lloyd's Petition as a petition filed under the PCRA. **See Wyatt**, 115 A.3d at 880. Additionally, a petition for writ of *habeas corpus* is not the proper vehicle to raise his claim. Rather, Lloyd's claim is cognizable as an original action in the Commonwealth Court. **See id.**; **Black**, **supra**.

Moreover, to the extent that Lloyd argues on appeal that his claims implicate the legality of his sentence,[4] he did not raise such a claim before the trial court (and even if Lloyd's *Habeas Corpus* Petition fell within the purview of the PCRA, it was untimely, therefore depriving the trial court and this Court of jurisdiction[5]). Nevertheless, the claim lacks merit. As Lloyd correctly conceded in his Petition for Writ of *Habeas Corpus*, the sentence is,

---

[4] **See**, **e.g.**, Brief for Appellant at 9 (asserting that Lloyd's "detention is illegal because[,] absent the credit for all time [Lloyd] spent in custody as a result of the criminal charges for which the term of imprisonment [was] imposed[,] he will be caused to be incarcerated past his maximum expiration date.").

[5] **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (stating that a legality of sentence issue, though non-waivable, must nonetheless be filed within the PCRA's one-year filing period, or meet one of the statutory timeliness exceptions, in order to confer jurisdiction).

in fact, lawful, and the record reveals that the sentencing court gave him credit for time served.

Accordingly, because Lloyd's claim is not cognizable under the PCRA or in a petition for writ of *habeas corpus*, we affirm the trial court's dismissal of Lloyd's Petition for Writ of *Habeas Corpus*.  ***See Wyatt***, 115 A.3d at 880 (observing that this Court can affirm trial court order on any basis).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/3/2016</u>