# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith J. Canfield,             :
        Petitioner      :
                      :
        v.            : No. 585 M.D. 2016
                      : Submitted: June 9, 2017
Pennsylvania Department of   :
Corrections,             :
        Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**            **FILED: August 11, 2017**

      This matter is a *pro se* mandamus petition for review filed in our original jurisdiction by Keith J. Canfield (Petitioner), an inmate currently incarcerated at the State Correctional Institution-Dallas. Petitioner seeks an order compelling the Pennsylvania Department of Corrections (DOC) to credit 581 days against a two-to-ten year prison sentence. DOC has filed a preliminary objection in the nature of a demurrer to the petition for review.[1] For the reasons set forth below, we sustain DOC's demurrer and dismiss the petition for review.

---

[1] In ruling on a demurrer, this Court must accept as true all well-pleaded allegations of material facts in the petition for review, as well as all of the inferences reasonably deducible from those facts. *Black v. Pennsylvania Department of Corrections*, 889 A.2d 672, 675 n.5 (Pa. Cmwlth. 2005). The Court, however, is not required to accept as true conclusions of law, unwarranted **(Footnote continued on next page…)**

On March 19, 2003, Petitioner was sentenced by the Court of Common Pleas of Susquehanna County (trial court) on a conviction for burglary to a term of incarceration of "not less than two (2) years and not more than ten (10) years, with credit for time served as allowed by law." (Petition for Review ¶2 & Exhibit A.) On April 30, 2003, Petitioner received a DC-16E Sentence Status Summary form from DOC stating that his maximum sentence date under that sentence was May 21, 2010. (Petition for Review ¶3 & Exhibit B.) On May 22, 2003, Petitioner received a new DC-16E Sentence Status Summary form from DOC stating that his maximum sentence date under that sentence was December 14, 2011. (Petition for Review ¶4 & Exhibit C.)[2]

Petitioner asserts in his petition for review that the May 22, 2003 change in his maximum sentence date violated the trial court's sentencing order because the April 30, 2003 Sentence Status Summary gave him credit for 730 days served prior to his March 19, 2003 sentence and the May 22, 2003 Sentence Status Summary gave him credit for only 149 days, and seeks an order requiring DOC to reinstate the credit removed in the May 22, 2003 Sentence Status Summary. (Petition for Review ¶¶3-9.) Petitioner, however, does not aver in his petition for review how much time he served or was incarcerated prior to his March 19, 2003 sentencing on the burglary conviction. A certified trial court record attached by Petitioner to the petition for review states that Petitioner was released on his own

_____

**(continued…)**

factual inferences, argumentative allegations, or expressions of opinion. *Dodgson v. Pennsylvania Department of Corrections*, 922 A.2d 1023, 1027-28 (Pa. Cmwlth. 2007).

[2] Although Petitioner's maximum dates in the DC-16E Sentence Status Summary forms at issue here have long since passed, Petitioner apparently has been paroled, convicted of other offenses and reincarcerated, resulting in an extension of the maximum date to January 19, 2019. (Exhibit A to Petitioner's Brief.)

2

recognizance when he was arrested in 1999 and that he was held in jail for only a period of 149 days in 2000 prior to his March 19, 2003 sentencing. (Petition for Review Exhibit D.)

DOC argues that Petitioner has no cause of action for mandamus because his allegations do not show any improper calculation of his sentence. We agree.

Mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty. *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1131 (Pa. 2005); *Black v. Pennsylvania Department of Corrections*, 889 A.2d 672, 674 n.3 (Pa. Cmwlth. 2005). It is well established that mandamus is available only where the plaintiff or petitioner has a clear legal right to the relief requested, the defendant or respondent has a corresponding duty to perform the requested act, and there is no other appropriate and adequate remedy. *McCray*, 872 A.2d at 1131; *Hoyt v. Pennsylvania Department of Corrections*, 79 A.3d 741, 742 (Pa. Cmwlth. 2013); *Black*, 889 A.2d at 674 n.3; *Saunders v. Department of Corrections*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000).

Mandamus is an appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and DOC's computation does not comply with that credit. *Oakman v. Pennsylvania Department of Corrections*, 903 A.2d 106, 108-09 (Pa. Cmwlth. 2006); *Black*, 889 A.2d at 677; *Saunders*, 749 A.2d at 556. It cannot be used to challenge DOC's failure to give credit where the sentencing order is either ambiguous or does not provide the credit at issue. *McCray*, 872 A.2d at 1132-33; *Hoyt*, 79 A.3d at 742-

43; *Black*, 889 A.2d at 677; *Saunders*, 749 A.2d at 556. The requirements for mandamus cannot be satisfied in those circumstances because there is no clear right to relief and because the inmate has an adequate and more appropriate alternative remedy of seeking modification or clarification of the sentence in the trial court. *McCray*, 872 A.2d at 1132-33; *Hoyt*, 79 A.3d at 742-43; *Black*, 889 A.2d at 677; *Saunders*, 749 A.2d at 556.

Petitioner's averments here do not satisfy the requirements for mandamus. The only alleged error in DOC's sentence calculation is that it gave Petitioner 149 days for time served rather than 730 days. The March 19, 2003 sentencing order did not provide that Petitioner was to receive credit for 730 days or any other specific number of days against his sentence. Rather, the trial court ordered that Petitioner receive "credit for time served." (Petition for Review Exhibit A.) Nothing in the petition for review supports a conclusion that DOC's May 22, 2003 calculation failed to give Petitioner full credit for all time served. The documentation attached to the petition for review shows that Petitioner was held in jail for a total of 149 days prior to the March 19, 2003 sentence and Petitioner does not dispute that DOC gave him credit for that period of incarceration. Petitioner does not set forth anywhere in the petition for review any other periods of time that he was held prior to the March 19, 2003 sentencing.

Accordingly, we sustain DOC's preliminary objection and dismiss the petition for review.

_____
JAMES GARDNER COLINS, Senior Judge

4

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Keith J. Canfield, : 
                   Petitioner : 
           : 
             v. : No. 585 M.D. 2016
           : 
Pennsylvania Department of : 
Corrections, : 
                Respondent : 

# O R D E R

AND NOW, this 11th day of August, 2017, the preliminary objection in the nature of a demurrer filed by the Pennsylvania Department of Corrections is SUSTAINED, and the petition for review filed by Keith J. Canfield is DISMISSED.

_____
JAMES GARDNER COLINS, Senior Judge