## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mohammad Sohail Saleem,      :
     :
         Petitioner      :
     :
         v.      :    No. 14 M.D. 2017
     :    Submitted: November 22, 2017
PA Board of Probation and Parole and      :
Department of Corrections,      :
     :
         Respondents      :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                **FILED: January 10, 2018**

On January 9, 2017, Mohammad Sohail Saleem (Petitioner), *pro se*, filed a Petition for Writ of Mandamus with this Court seeking to have this Court order the Pennsylvania Board of Probation and Parole (Board) to schedule another parole hearing and immediately parole Petitioner so he may be deported to Pakistan.[1] Subsequent to the Petition for Writ of Mandamus, both the Board and Petitioner filed Applications for Summary Relief, which are now before this Court for review. For the following reasons, we grant the Board's Application for Summary Relief

---

[1] In his Reply Brief, Petitioner requests that due to changed circumstances he be immediately paroled and remain in the United States rather than be deported to Pakistan. Petitioner has not amended his Petition for Writ of Mandamus to reflect this new request for relief.

pursuant to Pennsylvania Rule of Appellate Procedure 1532 and deny Petitioner's Application for Summary Relief.[2]

The following facts are not in dispute. On June 3, 2015, Petitioner pled guilty to three counts of indecent assault and the remainder of the charges against him were *nolle prossed*. Petitioner was found to be a sexually violent predator and sentenced to a 1 year, 9 month to 10 year aggregate sentence with a minimum parole date of December 2, 2016 and a maximum date of March 2, 2025. As a part of his plea deal, Petitioner expected to be immediately deported to Pakistan; however, the United States Department of Immigration and Customs Enforcement did not immediately deport Petitioner. Petitioner reached his minimum parole date and, on November 29, 2016, the Board issued an order denying Petitioner parole, which stated:

> FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE BOARD OF PROBATION AND PAROLE, IN THE EXERCISE OF ITS DISCRETION, HAS DETERMINED AT THIS TIME THAT: YOU ARE DENIED PAROLE/REPAROLE. THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING:
>
> YOUR UNACCEPTABLE COMPLIANCE WITH PRESCRIBED INSTITUTIONAL PROGRAMS. YOUR NEED TO PARTICIPATE IN AND COMPLETE ADDITIONAL INSTITUTIONAL PROGRAMS.

---

[2] In ruling on an application for summary relief, the court must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there are no genuine issues as to any material facts and the right to judgment is clear as a matter of law. *McSpadden v. Department of Corrections*, 886 A.2d 321, 325 (Pa. Cmwlth. 2005).

YOUR RISK AND NEEDS ASSESSMENT INDICATING YOUR LEVEL OF RISK TO THE COMMUNITY.

THE NEGATIVE RECOMMENDATION MADE BY THE DEPARTMENT OF CORRECTIONS, REPORTS, EVALUATIONS AND ASSESSMENTS/LEVEL OF RISK INDICATES YOUR RISK TO THE COMMUNITY.

YOUR FAILURE TO DEMONSTRATE MOTIVATION FOR SUCCESS.

YOUR MINIMIZATION/DENIAL OF THE NATURE AND CIRCUMSTANCES OF THE OFFENSE(S) COMMITTED.

YOUR REFUSAL TO ACCEPT RESPONSIBILITY FOR THE OFFENSE(S) COMMITTED.

YOUR LACK OF REMORSE FOR THE OFFENSE(S) COMMITTED.

YOUR NEGATIVE INTEREST IN PAROLE.

(Board's New Matter, Exhibit E – Board's Order (capitalization in the original.)

Mandamus is an extraordinary writ designed to compel the performance of a ministerial act or mandatory duty where (1) there exists no other adequate and appropriate remedy, (2) there is a clear legal right in the plaintiff, and (3) there is a corresponding duty in the defendant. *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1131 (Pa. 2005). Mandamus is available to enforce rights already established beyond peradventure; mandamus cannot be used to establish legal rights. *Allen v. Department of Corrections*, 103 A.3d 365, 369-70 (Pa. Cmwlth. 2014).

For example, mandamus is an appropriate remedy where a sentencing order clearly applies credit to an inmate's sentence but the Board fails to include that credit in its computation of the inmate's maximum and minimum date. *Black v. Department of Corrections*, 889 A.2d 672, 677 (Pa. Cmwlth. 2005). Conversely, mandamus is not available to require the Board to re-compute an inmate's maximum and minimum date where the sentencing order does not clearly award the inmate credit or does not specify the credit at issue. *Id*. The critical difference between these two circumstances is the Board's discretion; where the Board has discretion, as it does if a sentencing order awarding credit is ambiguous, mandamus will not lie. Mandamus shall

> not be used to direct the Board to exercise its judgment or discretion in a particular way or direct the retraction or reversal of an action already taken. Petitioner may not use mandamus to direct the Board re-parole or release him….In an action in mandamus involving an administrative agency's exercise of discretion, we may only direct the agency to perform the discretionary act.

*Nickson v. Board of Probation and Parole*, 880 A.2d 21, 23-4 (Pa. Cmwlth. 2005) (internal citations omitted).

In the instant matter, there is no question that the Board performed the discretionary act by holding a hearing and issuing a decision denying Petitioner's parole. In addition, the Board fulfilled its statutory duty to provide a brief statement of the reasons for denying Petitioner parole. *See* 61 Pa. C.S. § 6139(a)(5). Petitioner does not seek to compel the Board to take action on his request for parole but to take a particular action. He contends that the Board's decision to deny him parole was arbitrary and capricious. For this reason, mandamus does not lie. *Coady v. Vaughn*,

4

770 A.2d 287, 289 (Pa. 2001) (the General Assembly has conferred upon the Board the sole discretion to determine whether an inmate may be paroled and "[m]andamus will not lie to compel a purely discretionary act"); *Rogers v. Board of Probation and Parole*, 724 A.2d 319, 323 & n.5 (Pa. 1999) (mandamus is available to compel the Board to conduct a hearing or apply the correct law but there is no right to appellate review of the Board's exercise of discretion to deny parole); *Weaver v. Board of Probation and Parole*, 688 A.2d 766, 776 (Pa. Cmwlth. 1997) (*en banc*) ("Mandamus cannot be used to say that an agency considered improper factors, that its findings of fact were wrong, or that the reasons set forth in its decision are a pretense").

Petitioner also argues that by denying him parole, in part, because he has failed to take part in a sex offender treatment program during confinement, the Board has violated his right to due process, his right against self-incrimination, and his right to equal protection. In advancing this argument, Petitioner relies upon the dissenting opinion in *Weaver*; however, the majority opinion rejected the argument put forth by Petitioner and the majority opinion is the controlling precedent.

In *Weaver*, this Court held that during a voluntary parole hearing, an inmate is free to assert his Fifth Amendment right under the United States Constitution but that the assertion of the inmate's right against self-incrimination does not shield him from any adverse consequences that may arise from the refusal to admit to the crime for which he was convicted. 688 A.2d at 778-79. In *Sontag v. Ward*, 789 A.2d 778 (Pa. Cmwlth. 2001), this Court held that the Board conditioning parole upon a sex offender's admission of guilt and successful completion of a treatment program did not violate the equal protection clause of the United States Constitution because it treated all sex offenders alike and was rationally related to

5

the purpose of rehabilitating offenders so as to protect the public. *Id*. at 781. The majority in *Weaver* also observed that a petitioner has no absolute right to parole and that neither the United States constitution nor the Pennsylvania constitution protect a liberty interest in the expectation of being released from confinement prior to the expiration of the maximum term of the imposed sentence. 688 A.2d at 769-70. Rather, parole is "a favor granted upon a prisoner by the state as a matter of grace and mercy shown by the Commonwealth to a convict who has demonstrated a probability of his ability to function as a law abiding citizen in society." *Id*. at 770. The Board determined that Petitioner did not demonstrate this ability and the Board did not violate Petitioner's constitutional rights in the process.

Finally, the Petitioner argues that he is innocent and that he is being illegally incarcerated because he was induced to plead guilty upon the promise of immediate deportation and that the prosecutor failed to disclose evidence favorable to him as required by *Brady v. Maryland*, 373 U.S. 83 (1963).

This Court held in *Staton v. Board of Probation and Parole*, 171 A.3d 363 (Pa. Cmwlth. 2017), that the Board is not bound by a plea agreement reached between the Commonwealth and a defendant:

> An offer from the Commonwealth seeking a defendant's plea of guilty can form a contract as in any other circumstance, whether accepted through a written plea agreement or by the defendant's performance in entering the guilty plea. Once the contract is formed, its terms must be fulfilled. Although it is unclear in this matter whether [petitioner's] plea formed a contract through a written mechanism or by his acceptance of the Commonwealth's offer through entry of a guilty plea, we do not doubt that such a contract exists. However….[t]he parties to such a contract are the defendant and the Commonwealth, not the

6

Board. Any suggestion that the Board has a contractual duty to [petitioner] is thus misplaced.

*Id*. at 366-67. In short, we rejected the argument that Petition is attempting to make here; the Board's decision regarding parole is not bound by the plea agreement Petitioner may or may not have made with the Commonwealth.

Furthermore, a mandamus action challenging the Board's decision not to parole him is not the proper vehicle for Petitioner to challenge the actions his defense attorney and the prosecutor may or may not have taken in the proceedings giving rise to his underlying conviction. These types of claims, whether they be based upon alleged *Brady* violations or ineffective assistance of counsel claims due to erroneous advice regarding deportation, *see, e.g. Padilla v. Kentucky*, 559 U.S. 356 (2010), are properly raised via a petition under the Post-Conviction Relief Act, Act of May 13, 1982 P.L. 417, *as amended*, 42 Pa. C.S. §§ 9541-9546. Mandamus may not be used as a vehicle to collaterally attack Petitioner's criminal conviction. Section 2 of the Post-Conviction Relief Act, 42 Pa. C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist"); *Guarrasi v. Scott,* 25 A.3d 364, 402 (Pa. Cmwlth. 2011); *George v. Beard*, 824 A.2d 393, 395 (Pa. Cmwlth. 2003).

The Board's right to a judgment in its favor is clear; accordingly, the Board's application for summary relief is granted and Petitioner's application is denied.

_____
**JAMES GARDNER COLINS, Senior Judge**

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mohammad Sohail Saleem,           :
                                  :
                 Petitioner       :
                                  :
        v.                        :    No. 14 M.D. 2017
                                  :
PA Board of Probation and Parole and  :
Department of Corrections,        :
                                  :
                 Respondents      :

# ORDER

AND NOW, this 10th day of January, 2018, the Pennsylvania Board of Probation and Parole's Application for Summary Relief is GRANTED and Mohammad Sohail Saleem's Application for Summary Relief is DENIED.

_____
**JAMES GARDNER COLINS, Senior Judge**