J-S13016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY GARCIA | : | |
| | : | |
| Appellant | : | No. 1540 MDA 2019 |

Appeal from the PCRA Order Entered September 3, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001211-2003

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 05, 2020**

Appellant Anthony Garcia appeals *pro se* from the Order denying his Petition for Writ for *Habeas Corpus* seeking time credit on his sentence imposed in 2003.  Because Appellant sought relief cognizable under the Post Conviction Relief Act ("PCRA")[1] more than fifteen years after the court imposed his Judgment of Sentence, Appellant's Petition is untimely and we are without jurisdiction to review its merits.  Accordingly, we affirm the Order denying his Petition.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-46 ("PCRA"). Section 9542 of the PCRA provides that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including **habeas corpus** and **coram nobis**." 42 Pa.C.S.A. § 9542 (emphasis added). Thus, the PCRA  statute subsumes *habeas corpus* and  the  writ of *coram  nobis*. **See Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013) ("The PCRA at Section 9542 subsumes the remedies of *habeas corpus* and *coram nobis*.").

On December 4, 2003, Appellant entered a negotiated guilty plea to one count of Third-Degree Murder in connection with the November 23, 2002 shooting death of Jermaine Buckner. The court immediately sentenced him to a term of 20 to 40 years' incarceration, to "be computed from November 23, 2002," the date Appellant began detention for the crime. **See** N.T. Sentencing, 12/4/03, at 12. Appellant did not file a direct appeal. Thus, his Judgment of Sentence became final thirty days later, on January 4, 2004. **See** Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

Appellant filed a timely first PCRA Petition, which the court dismissed without a hearing. Trial Ct. Order, 6/16/05. Appellant subsequently filed three Motions to Modify and Reduce Sentence, which the trial court denied, noting that it was without jurisdiction to modify his sentence and, moreover, that Appellant had entered a negotiated guilty plea. Trial Ct. Orders, dated 6/19/08, 1/7/14, and 7/18/14.

On July 31, 2019, Appellant filed the instant "Petition for Writ of *Habeas Corpus*," seeking credit for time served based on his plea agreement.[2] The

_____

[2] We note that "mandamus is [the] appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and DOC's computation does not comply with that credit." **Allen v. Commonwealth, Department of Corrections**, 103 A.3d 365, 370 (Pa. Cmwlth. 2014), **citing Black v. Pennsylvania Department of Corrections**, 889 A.2d 672 (Pa. Cmwlth. 2005). "[M]andamus is not available to challenge DOC's failure to give credit where the sentencing order is either ambiguous or does not specify the credit at issue." **Allen**, **supra** at 370. The record does not indicate whether Appellant has ever sought mandamus.

- 2 -

PCRA Court correctly concluded that because Appellant filed the Petition nearly fifteen years after the court imposed sentence, and Appellant asserted no exceptions to the timeliness requirements of the PCRA, the court was without jurisdiction to review the merits of the Petition. The court dismissed the Petition on September 3, 2019. Trial Ct. Order, 9/3/19; **See** Trial Ct. Op., 11/14/19, at 4 (explaining dismissal).

Appellant filed a Notice of Appeal *pro se*. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant seeks review of the following issue:

> Did the Commonwealth err in not granting Appellant's Petition for Writ of *Habeas Corpus* for Time Credit, in accordance to a plea agreement of 20 to 40 years. However, the Commonwealth failed to award time credit in the amount of 1 year and 11 days.

Appellant's Br. at 3 (verbatim).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). However, "[i]t is well-settled that the PCRA's time restrictions are jurisdictional in nature." **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016) (citation omitted). Therefore, we must first determine whether we have jurisdiction to entertain this PCRA Petition. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42

- 3 -

Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Albrecht*, *supra* at 1093. In fact, no court has jurisdiction to review the merits of the claims raised in an untimely PCRA Petition. *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005). A petitioner cannot evade the PCRA time constraints by titling his petition as a writ of *habeas corpus*. *See*, *e.g.*, *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (reviewing a *habeas corpus* petition challenging the legality of sentence under the PCRA).

In addition, although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA Petition. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007); 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

As detailed above, Appellant's Judgment of Sentence became final on January 4, 2004. This Petition, filed over fifteen years later on July 31, 2019, is facially untimely. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Crawley*,

739 A.2d 108, 109 (Pa. 1999). Our courts may review an untimely PCRA petition if the appellant pleads and proves the applicability of one of the three exceptions to the PCRA's timeliness requirements. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); ***Commonwealth v. Hernandez***, 79 A.3d 649, 651-52 (Pa. Super. 2013).

Here, Appellant observes that the "failure of the Sentencing Judge to award time credit is an issue involving the legality of the sentence," and avers that he is entitled to credit in the amount of one year and eleven days. Appellant's Br. at 8, 10. Appellant does not, however, assert that his claim falls within any of the timeliness exceptions to the PCRA's one year time constraint.

Accordingly, the PCRA court did not abuse its discretion in concluding it was without jurisdiction to review Appellant's claim. Because this Court is likewise without jurisdiction, we affirm the Order dismissing Appellant's Petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/05/2020