[redacted]

**Keith W. DODGSON, Petitioner**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Dr. Jeffrey Beard, Secretary, Pennsylvania Board of Probation and Parole, Thomas Corbett, Jr., Esq. Attorney General for the Commonwealth of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 9, 2007.

Decided May 3, 2007.

[redacted]

Keith W. Dodgson, petitioner, pro se.

John G. French, Deputy Attorney General and Susan J. Forney, Chief Deputy Attorney General, Harrisburg, for respondents.

BEFORE: COLINS, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge COLINS.

Before this Court in its original jurisdiction is a *pro se* petition for writ of mandamus filed by Keith W. Dodgson (Dodgson) requesting that this Court direct the Pennsylvania Department of Corrections, Jeffrey Beard, Secretary, the Pennsylvania Board of Probation and Parole and Pennsylvania Attorney General Thomas Corbett (collectively Respondents) to reconsider him for parole without applying 42 Pa.C.S. § 9795.4(g) regarding Sexual Offender Assessment and 42 Pa.C.S. § 9718.1 regarding Sexual Offender Treatment.

Dodgson is an inmate incarcerated at the state correctional institution at Waymart, who is serving a sentence of 5 years and 9 months to 12 years for involuntary deviate sexual intercourse and sexual abuse of children after having been convicted in the Lackawanna County Court of Common Pleas. Dodgson's minimum sentence was August 16, 2003, and his maximum sentence is November 16, 2009. On May 22, 2003, Dodgson was denied parole, after which he filed a petition for review to this Court, that was denied on December 22, 2003. In May of 2003, the Parole Board asked that the Sex Offender Assessment Board conduct an assessment of Dodgson pursuant to 42 Pa.C.S. § 9795.4(g) [1]. In May of 2005 and in July of 2005, Dodgson was again denied parole. The Parole Board's reasons for its July 2005 denial were: the prosecuting attorney's recommendation; the recommendation from the Department of Corrections; and assessments, evaluations and reports, regarding Dodgson's mental and physical history, condition, and behavior. In its July 2005 decision, the Parole Board also notified Dodgson that at his next parole interview, it would consider whether Dodgson had participated in a sex offender treatment program.

On or about October 20, 2006, Dodgson filed a petition for a writ of mandamus averring that Respondents erred in denying him parole, and requesting that this Court prohibit Respondents from utilizing the 1996 amended parole laws, specifically 63 P.S. § 331.19 [2], and from applying 42 Pa.C.S. § 9795.4(g) concerning Sexual Offender Assessment and 42 Pa.C.S. § 9718.1 [3] concerning Sexual Offender

---

1. 42 Pa.C.S. § 9795.4(g) states:
    (g) Parole assessment.—The Pennsylvania Board of Probation and Parole may request of the board an assessment of an offender or sexually violent predator be conducted and provide a report to the Pennsylvania Board of Probation and Parole prior to considering an offender or sexually violent predator for parole.

2. Section 19 of the Act commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, states:
    It shall be the duty of the board, upon the commitment to prison of any person whom said board is herein given the power to parole, to consider the nature and circumstances of the offense committed, any recommendations made by the trial judge and prosecuting attorney, the general character and background of the prisoner, participation by a prisoner who is serving a sentence for a crime of violence ... in a victim impact education program offered by the Department of Corrections and the written or personal statement of the testimony of the victim or the victim's family ... The board shall further consider the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available. The board shall further cause the conduct of the person while in prison and his physical, mental and behavior condition and history, his history of family violence and his complete criminal record, as far as the same may be known, to be reported and investigated.

3. The Act of December 20, 2000 (Act 2000–98), P.L. 721, amended Chapter 97 of Title 42 of Pennsylvania's Consolidated Statutes by adding Section 9718.1; Chapter 97 is commonly known as the Sentencing Code. Section 9718.1 provides that individuals incarcerated in a state institution for enumerated sexual offenses involving minors **will not be eligible for parole unless they have participated in a Department of Corrections program of counseling or therapy designed for incarcerated sex offenders.** (Emphasis added.)

    Section 3 of Act 2000–98 provides:
    This act shall apply as follows:
    (1) The amendment of 18 Pa.C.S. §§ 2902, 2903 and 5903(h)(2) and the addition of 42 Pa.C.S. § 9718.1 shall apply to offenses committed on or after the effective date of this act.
    (2) The addition of 42 Pa.C.S. § 9718.1 shall not preclude consideration of the factors set forth in that section in granting or denying

Treatment in considering him for parole. More specifically, Dodgson avers that Respondents, by applying 42 Pa.C.S. § 9795.4(g) to him retroactively in requiring that he undergo a psychologist's assessment of him as a sexual offender in keeping with Megan's Law, are violating the *ex post facto* clause of the United States Constitution[4], and that by applying 42 Pa.C.S. § 9718.1 to him retroactively, in requiring that he participate in sexual offender treatment programs, are violating his Constitutional rights of due process, equal protection, protection against self-incrimination and access to the courts. It is Dodgson's position that labeling him a "sexual offender" and compelling his participation in sex offender treatment programs while incarcerated constitute a sentence enhancement.

On November 20, 2006, Respondents filed preliminary objections in the nature of a demurrer averring that Dodgson's complaint in mandamus fails to state a claim on which relief can be granted in that: (1) the Parole Board's refusal to disseminate Dodgson's sexual offender assessment does not violate his due process rights; and (2) applying the sexual offender assessment and sexual offender treatment to Dodgson does not violate his constitutional rights with respect to the *ex post facto* clause, due process, self-incrimination, assistance of counsel, and access to the courts.

■ Initially, the Court takes note of Dodgson's circuitous and nebulous argument that the Parole Board should not be permitted to conduct a sex offender assessment of him or to use prior assessments and reports in making its parole determination without providing him with a copy of such reports. This issue as presented in Dodgson's rambling brief, however, lacks sufficient clarity and specificity for this Court to address as part of any meaningful appellate review.

■ Dodgson's allegations that imposing the provisions of 42 Pa.C.S. § 9795.4(g) regarding sexual offender assessment upon him violate his constitutional rights with respect to, among others areas, the *ex post facto* clause, are without merit. A similar issue arose in *McGarry v. Pennsylvania Board of Probation and Parole*, 819 A.2d 1211, wherein McGarry filed a petition for writ of mandamus alleging that 42 Pa.C.S. § 9795.4(g) violated his constitutional rights. This Court disagreed and stated:

> As to whether Section 9795.4(g) of Megan's Law facially violates the proscription against *ex post facto* laws, we conclude that it does not. Section 9795.4(g) provides that the Board may request an assessment of an offender or sexually violent predator before considering that individual for parole. That Section does not affect an offender's eligibility or opportunity to be paroled; it does not impose any additional requirements or restrictions upon an offender before he can be considered for parole. Instead, it merely allows the Board to

parole for offenses committed before the effective date of this act, except to the extent that consideration of such factors is precluded by the Constitution of the United States or the Constitution of the Commonwealth of Pennsylvania.

**4.** Article 1, Section 10 of the United States Constitution provides:

No State shall enter into any Treaty, Alliance, or Confederation: grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, *ex post facto Law*, or Law impairing the Obligation of Contracts, or grant any Title of Nobility. U.S. Const. art. 1, § 10, cl. 1. (Emphasis added.)

collect information such as facts regarding the current offense, prior offense history, characteristics of the individual and factors that are supported in an assessment which are filed as criteria reasonably related to the risk of reoffense, ... which are necessary for its consideration of an offender for parole purposes. Because the application of Section 9795.4(g) does not alter any standards for his eligibility for parole, it does not create a significant risk of increasing the severity of McGarry's punishment such that it violates the *ex post facto* clause of the United States Constitution.

In any event, even if Section 9795.4(g) of Megan's Law could otherwise be considered an *ex post facto* law, in this case, the clause is not implicated because, even before its enactment, the Board had the authority to request an assessment of an offender prior to considering him for parole pursuant to Section 19 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.19, commonly referred to as the Parole Act.... [Footnotes omitted.]

*Id.* at 1215. The holding of the *McGarry* Court is that the Parole Board has the right to use an assessment as provided for by Section 9795.4(g) to assist in its determination of parole eligibility, and that said practice does not create a substantial risk of increasing the severity of an individual's punishment, is equally applicable to Dodgson's situation. Moreover, as stated in *McGarry*, notwithstanding 42 Pa.C.S. § 9795.4(g), the Parole Act allows the Parole Board to request and use an assessment as part of its parole determination process, a procedure equally applicable to Dodgson.

■ Similarly, with respect to Dodgson's allegations that applying 42 Pa.C.S. § 9718.1 also violates his constitutional rights, an analogous situation in *Evans v. Board of Probation and Parole*, 820 A.2d 904, 914–15 (Pa.Cmwlth.2003), *petition for allowance of appeal denied*, 580 Pa. 550, 862 A.2d 583 (2004), is relevant. In *Evans*, the petitioner filed for a writ of mandamus alleging, among other issues, that the Pennsylvania Board of Probation and Parole (Parole Board), erred in retroactively applying Section 9718.1 of the Sentencing Code to him in violation of the *ex post facto* clauses of the United States and Pennsylvania Constitutions, and in denying his parole because of his failure to participate in programs that petitioner averred were established as "voluntary." As in the matter *sub judice*, the respondent in *Evans* filed preliminary objections to the petition for writ of mandamus, and the *Evans* Court restated the following requisite guidelines regarding writs of mandamus and preliminary objections thereto:

A writ of mandamus is an extraordinary remedy designed to compel official performance of a ministerial act or mandatory duty. *McGill v. Pennsylvania Department of Health, Office of Drug and Alcohol Programs*, 758 A.2d 268, 270 (Pa.Cmwlth.2000). Thus, in an action in mandamus involving an administrative agency's exercise of discretion, we may only direct the agency to perform the discretionary act; we may not direct the agency to exercise its judgment or discretion in a particular way or direct the retraction or reversal of action already taken. *Id.* A writ of mandamus may be issued only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and lack of any other appropriate and adequate remedy. *Id.* The purpose of mandamus is not to establish legal rights, but to enforce those rights already established. *Id.*

*Id.* at 914–15 (Pa.Cmwlth.2003).

In ruling upon a preliminary objection in the nature of a demurrer, we must ac-

cept as true all well-pleaded allegations of material fact and all inferences reasonably deductible therefrom. *Myers v. Ridge*, 712 A.2d 791, 794 (Pa.Cmwlth. 1998). We need not accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. *Id.* The test is whether it is clear from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief. *Id.*

*Id.* at 906 n. 3.

In *Evans*, the Court rejected petitioner's arguments based upon the following: (1) petitioner failed to prove that Act 2000–98 (adding 42 Pa.C.S. § 9718.1) on its face or as applied to him, created a significant, not a speculative or attenuated, risk of increasing the severity of his punishment, a critical issue addressed in *California Department of Corrections v. Morales*, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) and in *Garner v. Jones*, 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000); (2) assuming *arguendo* that Act 2000–98 was retroactively applied, it still does not on its face violate the *ex post facto* clause because the Act's mandatory provisions apply only to "offenses committed on or after the effective date of this act;" *Id.* at 911.(3) Act 2000–98 permits but does not mandate "consideration of the Act's factors in granting or denying parole for offenses committed before the effective date of this act," and does not undermine the Parole Board's discretion to consider whether a state inmate who committed a sexual offense involving a minor before Act 2000–98 was passed should receive sex offenders' treatment; *Id.* (4) Act 2000–98 was not intended to function as a "penal" statute, but rather to protect the public by providing treatment to an offender before his release into society; (5) petitioner did not have a liberty interest in the expectation of release on parole prior to the expiration of his maximum sentence, and therefore did not establish a due process violation; and (6) petitioner's attempt to file a writ of mandamus to challenge the Parole Board's denial of parole must fail considering that the grant or denial of parole is solely within the Parole Board's discretion.

The arguments presented by Dodgson in the present matter are virtually identical to those presented by the petitioners in *McGarry* and *Evans* respectively, and this Court finds them equally without merit based upon the foregoing discussion. Unequivocally, in the present matter, Dodgson does not prove that Act 2000–98 as applied to him creates a substantial risk of increasing the severity of his sentence. Moreover, considering that Act 2000–98 does not infringe upon the Parole Board's scope of discretion in the granting of parole to sex offenders, Dodgson cannot establish a clear legal right to the parole relief he requests nor any corresponding duty in Respondents to act upon his petition.

Accordingly, we grant the Respondents' preliminary objections in the nature of a demurrer and dismiss Dodgson's petition with prejudice.

### ORDER

AND NOW, this 3rd day of May 2007, the preliminary objections in the nature of a demurrer filed by Respondents are sustained and the petition for writ of mandamus is dismissed with prejudice.