# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Dwayne Jones, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 201 M.D. 2016 |
| | : Submitted: June 24, 2016 |
| Pennsylvania Department of | : |
| Corrections, | : |
| | : |
| Respondent | : |


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                        **FILED:  August 26, 2016**


This matter is a *pro se* petition for review filed in our original jurisdiction by Dwayne Jones (Inmate), an inmate currently incarcerated at the State Correctional Institution-Mahanoy, seeking a declaratory judgment against the Pennsylvania Department of Corrections (DOC) concerning its handling of mail that he receives from the Philadelphia District Attorney's Office (District Attorney's Office).  The DOC has filed a preliminary objection in the nature of a demurrer to the petition for review.  For the reasons set forth below, we sustain the DOC's demurrer and dismiss this action.

Inmate alleges in his petition for review that correspondence that he received from the Appeals Unit of the District Attorney's Office on November 30, 2015 had been opened outside of his presence. (Petition for Review ¶5 & Exhibit B.)[1] Inmate filed a grievance concerning this incident, which was denied on the grounds that the envelope in question did not bear a control number, as is required for mail from an attorney to be treated as privileged under DOC policy DC-ADM 803, and because mail from a district attorney is not considered privileged mail. (Petition for Review ¶¶4, 6-8 & Exhibits A, C, D.) Inmate alleges that opening mail from the District Attorney's Office outside his presence infringes his constitutional rights to receive confidential legal communications and seeks a declaratory judgment that the DOC must treat correspondence from district attorney's offices as privileged mail that can only be opened in the inmate's presence. (Petition for Review at 2-3 & ¶9.) Inmate, however, does not allege that the mail in question was marked with a control number or that the DOC has a practice of opening mail that bears an attorney's control number outside of his presence. Instead, he asserts that mail from a district attorney's office is privileged legal mail, regardless of whether it bears any designation that it is confidential. (*Id.* ¶¶9, 10; Petitioner's Br. at 1-2.)

The DOC contends that Inmate's claim does not state a legally cognizable cause of action. We agree.

---

[1] In ruling on a demurrer, this Court must accept as true all well-pleaded allegations of material facts in the petition for review, as well as all of the inferences reasonably deducible from those facts. *Black v. Pennsylvania Department of Corrections*, 889 A.2d 672, 675 n.5 (Pa. Cmwlth. 2005). The Court, however, is not required to accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. *Dodgson v. Pennsylvania Department of Corrections*, 922 A.2d 1023, 1028 (Pa. Cmwlth. 2007).

Prison inmates have a right, under the First and Fourteenth Amendments to the United States Constitution, to send and receive confidential legal correspondence, which right may be restricted based on legitimate penological interests. *Brown v. Pennsylvania Department of Corrections*, 932 A.2d 316, 319 (Pa. Cmwlth. 2007); *Jones v. Brown*, 461 F.3d 353, 358-60 (3d Cir. 2006). Opening all legal mail outside of the inmate's presence, regardless of its confidentiality, violates that constitutional right where there is no reasonable basis to conclude that opening confidential legal mail to inspect for contraband in the inmate's presence would create a prison security risk. *Brown*, 932 A.2d at 319-20; *Jones*, 461 F.3d at 358-63. A prison system, however, may constitutionally require that confidential mail be clearly identified as such on its face and open mail that does not comply with such an identification requirement outside the inmate's presence. *Brown*, 932 A.2d at 320-22; *Fontroy v. Beard*, 559 F.3d 173, 178-84 (3d Cir. 2009).

The DOC's regulations and policies provide a means by which confidential legal mail can be protected from inspection outside of the inmate's presence. DOC policy DC-ADM 803 provides that "[i]ncoming privileged correspondence will be opened and inspected for contraband in the presence of the inmate to whom it is addressed." DC-ADM 803 Procedures Manual § 2(B)(1). To be treated as privileged, incoming mail from attorneys, other than mail hand-delivered by the attorney to the prison, must have a control number issued by the DOC on the envelope. 37 Pa. Code § 93.2(c)(1)(ii); DC-ADM 803 Procedures Manual Glossary of Terms at 3-4 § 2. Attorneys may obtain from the DOC a control number that they agree to use only for confidential communications with

3

inmates. 37 Pa. Code § 93.2(c)(1)(ii)(A); DC-ADM 803 Procedures Manual Glossary of Terms at 1.

This policy of requiring that confidential communications bear a DOC-assigned control number and opening and inspecting other inmate mail from attorneys outside the inmate's presence is justified by legitimate prison security interests and does not violate inmates' constitutional rights. *Brown*, 932 A.2d at 320-22; *Fontroy*, 559 F.3d at 178-84. The fact that correspondence is from a district attorney's office does not justify an exemption from the requirement that incoming mail be marked with a control number in order to be treated as privileged. Because a district attorney is ordinarily the inmate's opposing counsel, most communications between an inmate and a district attorney's office are not confidential at all and opening that mail outside the inmate's presence does not raise constitutional concerns. *See Samonte v. Maglinti*, (D. Haw., Civ. No. 05–00598, filed July 3, 2007) 2007 WL 1963697 at *6. It is therefore constitutionally permissible for the DOC to apply the same requirements for privileged treatment to incoming correspondence from district attorneys' offices that it applies to other attorney mail that is more likely to be confidential.[2]

Inmate argues that mail from district attorneys' offices must be treated as privileged without a control number because DC-ADM 803 provides that mail sent by inmates to elected officials, including district attorneys, is privileged. *See*

---

[2] We recognize that there are some circumstances where communications between an inmate and a district attorney's office could be confidential rather than adversarial, for example, where the inmate is the complainant or a witness in a criminal prosecution against another person. Inmate, however, does not allege in his petition for review that the mail here, from the Appeals Unit of the District Attorney's Office, involved such a communication or that the DOC does not provide a mechanism by which a district attorney's office can designate correspondence with an inmate as confidential and prevent its opening outside the inmate's presence.

4

DC-ADM 803 Procedures Manual Glossary of Terms at 3 § 1(a). We do not agree. Incoming mail, unlike outgoing mail, must be inspected for contraband to protect prison security and it is this security threat that permits the DOC to require a control number and inspect all other incoming attorney mail outside the inmate's presence. *Brown*, 932 A.2d at 320-22; *Fontroy*, 559 F.3d at 178-84.

As noted above, Inmate does not contend that the mail at issue from the District Attorney's Office had a control number or any indication of confidentiality on the envelope. The DOC's opening of this mail to inspect for contraband outside Inmate's presence therefore did not violate Inmate's constitutional rights.

Accordingly, we sustain the DOC's preliminary objection and dismiss Inmate's petition for review.

_____
**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne Jones, : 
                                : 
           Petitioner : 
                                : 
        v. : No. 201 M.D. 2016
                                : 
Pennsylvania Department of : 
Corrections, : 
                                : 
           Respondent : 

# **O R D E R**

AND NOW, this 26th day of August, 2016, the preliminary objection in the nature of a demurrer filed by the Pennsylvania Department of Corrections is SUSTAINED, and the petition for review filed by Dwayne Jones is DISMISSED.

_____
**JAMES GARDNER COLINS, Senior Judge**