IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stacy R. Savage,                          :
                    Petitioner            :
                                          :
          v.                              :
                                          :
Jennifer R. Storm, Victim Advocate        :
and Pennsylvania Board of                 :
Probation and Parole,                     :    No. 467 M.D. 2019
                    Respondents           :    Submitted:  October 16, 2020


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED: January 11, 2021


          Stacy R. Savage (Savage) initiated this matter by filing a *pro se* petition

for writ of mandamus (Petition) in this Court's original jurisdiction.  Savage seeks

an order compelling Jennifer R. Storm (Storm), Victim Advocate of Pennsylvania,

and the Pennsylvania Board of Probation and Parole[2] (Board) (together,

Respondents) to allow Savage to give in-person victim impact testimony before the

Board relative to her husband, Theodore Savage (Husband), pursuant to Section

_____

[1] This case was assigned to the opinion writer prior to January 4, 2021, when Judge Brobson
became President Judge.

[2] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation
and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act
of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101
and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

6140 of the Prisons and Parole Code, 61 Pa.C.S. § 6140.[3] Storm and the Board are separately represented and, thus, have filed separate preliminary objections to the Petition, which are presently before the Court for review. For the reasons set forth below, we sustain both sets of preliminary objections and dismiss the Petition.

The facts, as pleaded in the Petition and the documents attached thereto, are as follows. Savage was the victim of domestic violence at the hands of Husband. Petition (Pet.) ¶ 14(a). She obtained a protection from abuse order (PFA) against Husband that prohibited him, among other things, from returning to their marital home in Hazle Township, Pennsylvania. Pet. ¶ 5. On September 29, 2016, Husband was convicted of indirect criminal contempt for violating the PFA by returning to their home. *Id.* Husband was on parole under the jurisdiction of the Board at the time of the PFA violation. Pet. ¶¶ 6-7. As a result, his parole was revoked and he was recommitted as a convicted parole violator. Pet. ¶ 7, Exhibit (Ex.) A.

Savage registered as a "victim" with the Office of Victim Advocate and requested to be notified of decisions related to Husband, as well as his release status. Pet. ¶ 8. She was assigned a registration number by the Office of Victim Advocate "and subsequently has been repeatedly informed of all Board [] decisions relative to [Husband]." *Id.* However, when Savage requested permission to give in-person victim impact testimony to the Board regarding Husband's parole, she was advised she was not a victim and therefore could not give such testimony. Pet. ¶ 9. Savage challenged this decision in communications to both the Office of Victim Advocate and the Board. Pet. ¶¶ 10-13, Exs. B-D. By letter dated July 12, 2019, the Board informed Savage that she was

---

[3] The parties refer to this provision of the Prisons and Parole Code in their filings to this Court as the Crime Victims Bill of Rights or the Victim Bill of Rights.

not a "victim" within the meaning of the law for purposes of the upcoming parole hearing in question. [The Board] is conducting a parole interview for [Husband] for sentences related to a 1993 conviction for Robbery and 1994 convictions for Aggravated Assault and Intimidation of Witness/Victim. Because you are not the victim of those crimes, the statutory opportunity to present a statement to or to testify before the Board, and the accompanying statutory confidentiality protections, are not applicable to you in this case.

Please be advised that you may still provide information to [the Board] independent of [the Office of Victim Advocate], if you so choose. [The Board] considers any and all relevant information concerning a person's suitability for parole.

Pet. Ex. E.

After receiving the Board's decision, Savage filed the instant Petition seeking mandamus relief on August 19, 2019. Savage claims she is a "victim" as defined by law with the absolute right to give in-person victim impact testimony before the Board, and Respondents' refusal to let her do so violates the mandates of Section 6140 of the Prisons and Parole Code. Pet. ¶¶ 14-15. Savage notes that she was issued a PFA, Husband was convicted of violating that PFA, and it was that conviction that returned him to the Board's custody as a convicted parole violator. Pet. ¶ 14. If Husband had not violated the PFA, he would not have been returned to prison and would still be at liberty on parole. *Id.* In addition, Savage claims that she has exhausted all available administrative remedies. Pet. ¶ 17.

As indicated above, Respondents filed separate preliminary objections, both of which assert challenges to service as well as demurrers. Both the Board and Storm object on grounds that Savage alleges that she was the victim of the PFA violation, not the underlying offenses for which Husband was on parole.

3

Respondents maintain that because of this distinction, Savage cannot meet the standard for mandamus relief because the Board is not obligated under the statute to grant her request to provide in-person testimony regarding Husband's parole hearings.[4]

Savage failed to file a timely brief in response to Respondents' preliminary objections, as directed by our order dated October 17, 2019. She also failed to comply with this Court's subsequent briefing orders dated January 22 and February 20, 2020. As such, she has been precluded from filing a brief in opposition to Respondents' preliminary objections, and the matter is now ripe for review. *See* Cmwlth. Ct. Order dated 8/21/20.

In ruling on preliminary objections in the nature of a demurrer, the Court must accept as true all well-pleaded material facts and all inferences reasonably deducible therefrom. *Sanders v. Wetzel*, 223 A.3d 735, 738 (Pa. Cmwlth. 2019) (citing *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994)). However, the Court is not bound by legal conclusions, argumentative allegations, unwarranted inferences from facts, or expressions of opinion. *Sanders*, 223 A.3d at 738; *see also Dodgson v. Pa. Dep't of Corr.*, 922 A.2d 1023, 1028 (Pa. Cmwlth. 2007). We may

---

[4] We note that the Board also argues in its brief in support of preliminary objections that Savage failed to serve a copy of the Petition upon the Attorney General of Pennsylvania, in compliance with Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1514(c). To date, Savage has failed to cure this jurisdictional defect. In a similar vein, Storm asserts in her brief that Savage failed to serve her with a copy of the Petition in person or by certified mail, as required by Pa.R.A.P. 1514 and, therefore, the Petition should be dismissed for lack of personal jurisdiction. However, defective service does not automatically require dismissal. A court may exercise its discretion to disregard a litigant's defective service of process. *Miller v. Klink*, 871 A.2d 331, 337 (Pa. Cmwlth. 2005); *Konya v. Dist. Att'y of Northampton Cnty.*, 669 A.2d 890, 892 (Pa. 1995).

Storm further argues that as Victim Advocate, she lacks the requisite statutory authority to grant Savage the relief she is seeking. Only the Board has the authority to decide who may testify during a parole hearing; therefore, Storm argues that the Petition fails to state a viable claim against her.

In light of our disposition of the other preliminary objections, we do not reach these issues.

consider documents or exhibits attached to the petition, but do not need to accept as true averments in the petition that conflict with those exhibits. *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007). We "may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner." *Sanders*, 223 A.3d at 738.

The Petition here is in the nature of mandamus, which compels the performance of a ministerial act or mandatory duty. *Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014). To prevail in mandamus, a petitioner must demonstrate (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) there are no other adequate and appropriate remedies at law. *Id.*; *Sanders*, 223 A.3d at 739. "A mandatory duty is 'one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority.'" *Sanders*, 223 A.3d at 739 (quoting *Filippi v. Kwitowski*, 880 A.2d 711, 713 (Pa. Cmwlth. 2005)). Mandamus is an extraordinary remedy and may not be used to establish legal rights. *Tindell*, 87 A.3d at 1034.

With this standard in mind, we turn to the statute at the heart of this matter. Section 6140(a)(1) of the Prisons and Parole Code provides:

> The victim of the offense *for which an inmate is sentenced* shall be notified by the district attorney immediately following sentencing, in cases where the defendant has been sentenced to a term of imprisonment, that the victim or family member shall have the opportunity to present a statement for the parole report to be considered at the parole hearing or to testify to the parole board expressing his opinion concerning the release of the inmate.

5

61 Pa.C.S. § 6140(a)(1) (emphasis added). Here, Savage alleges in her Petition that she is the victim of the PFA violation, the offense for which Husband was recommitted as a convicted parole violator, not the underlying offenses for which he is eligible for parole. This is an important distinction, as the intent of this section was clearly to allow the victim of the particular offense for which the inmate was sentenced to have an opportunity to provide input to the Board concerning the inmate's release prior to the Board making a determination on the inmate's parole.

The documentation attached to the Petition likewise does not support Savage's position that she was a victim of the offense for which Husband is eligible for parole. Exhibit E to the Petition states that Husband's parole hearing before the Board concerned convictions from 1993 and 1994. Pet. Ex. E. The Petition fails to mention these convictions, much less aver that Savage was a victim of these particular crimes. As such, Savage does not meet the statutory definition of a "victim" of the crimes that are the subjects of the sentences for which Husband is seeking parole.

Based on the foregoing analysis, Savage cannot demonstrate a clear right to the relief she requests, because the Board has no duty to allow her to provide

in-person testimony.[5]   Accordingly, we are constrained to sustain the preliminary objections and dismiss the Petition.


_____
CHRISTINE FIZZANO CANNON, Judge


Judge Crompton did not participate in the decision in this case.

---

[5] It bears repeating that the Board pointed out in its correspondence to Savage that she could provide information directly to the Board relevant to Husband's suitability for parole.  Pet. Ex. E.  Therefore, even though she might not be permitted to testify in person, the Board would still consider her information when rendering its decision.  *See* 61 Pa.C.S. § 6135 (noting that the Board shall consider, *inter alia*, the general character and background of the inmate, *his history of family violence*, and his complete criminal record).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stacy R. Savage,                  :
           Petitioner       :
                                :
        v.                         :
                                :
Jennifer R. Storm, Victim Advocate     :
and Pennsylvania Board of             :
Probation and Parole,               :     No. 467 M.D. 2019
           Respondents    :

## O R D E R

AND NOW, this 11th day of January, 2021, the preliminary objections filed by Jennifer R. Storm, Victim Advocate, and the Pennsylvania Board of Probation and Parole are SUSTAINED, and the petition for writ of mandamus filed by Stacy R. Savage is DISMISSED.

_____
CHRISTINE FIZZANO CANNON, Judge