IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darrell Goodley,                                :
              Petitioner       :
                                 :
              v.                 :
                                 :
John E. Wetzel and Robert Gilmore,  :  No. 704 M.D. 2019
              Respondents      :  Submitted: November 6, 2020


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: April 16, 2021

        Before this Court are the preliminary objections filed by John E. Wetzel, Secretary of the Pennsylvania Department of Corrections, and Robert Gilmore, Superintendent of the State Correctional Institution at Greene (SCI-Greene) (together, the Department) to the "Civil Complaint for Declaratory and Injunctive Relief" (Petition) filed *pro se* in our original jurisdiction by inmate Darrell Goodley (Goodley). Upon review, we sustain the preliminary objections and dismiss the Petition for failure to exhaust administrative remedies.

        The facts as pleaded in the Petition are as follows.[2] Goodley is an inmate at SCI-Greene in Waynesburg, Pennsylvania. *See* Petition ¶ 2. As an inmate

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] We must accept as true all well-pleaded material facts and all inferences reasonably deducible therefrom when evaluating a preliminary objection in the nature of a demurrer. *Dodgson*

in SCI-Greene, Goodley's incoming personal non-legal mail is subject to the Department's September 2018 agreement with Smart Communications ("Contractor") to receive, scan, print, and deliver the scanned and printed mail to inmates at their places of incarceration. *See* Petition ¶ 6 & Exhibit (Ex.) A. In February 2019, Contractor delivered to Goodley time-sensitive mail items that were late, not properly scanned and printed, and otherwise provided in an illegible condition. *See* Petition ¶¶ 12-13 & Ex. C. After the Department denied his requests that the documents be reprinted, Goodley filed a formal grievance with the Department, which the Department denied because the grievance exceeded the two-page limit for grievances. *See* Petition ¶¶ 7, 14, & Ex. B. Petitioner neither amended nor resubmitted the grievance in compliance with the two-page limitation. *See generally* Petition.

On December 30, 2019, Goodley filed the Petition in this Court claiming that the alleged mail irregularities caused him distress concerning the well-being of friends and family. *See* Petition ¶ 12. Goodley seeks mandamus relief in the form of a mandatory injunction directing replacement of all his misprinted documents, as well as $10,000 in punitive and psychological damages.[3] *See* Petition ¶ 20.

---

*v. Pa. Dep't of Corr.*, 922 A.2d 1023, 1027-28 (Pa. Cmwlth. 2007); *Clark v. Beard*, 918 A.2d 155, 158 n.4 (Pa. Cmwlth. 2007). We do not have to accept as true conclusions of law, unwarranted inferences, argumentative allegations or expressions of opinion. *Dodgson*, 922 A.2d at 1028. We may consider documents or exhibits attached to the petition, but do not need to accept as true averments in the petition that conflict with the exhibits attached to it. *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007).

[3] Goodley's claims sound in breach of contract and fiduciary duty, obstruction of justice, and governmental interference. *See* Petition ¶¶ 8-19.

On February 26, 2020, the Department filed the preliminary objections seeking dismissal of the Petition as procedurally infirm and meritless. *See* Department's Preliminary Objections, filed February 26, 2020 (Preliminary Objections), ¶¶ 5-20. The Preliminary Objections contend, *inter alia*, that Goodley's substantive claims are meritless and that Goodley failed to exhaust his administrative remedies. *See id*.

Generally, the Commonwealth Court does not have appellate jurisdiction over intra-prison disciplinary tribunals, such as inmate grievance appeals. *See Weaver v. Pa. Dep't of Corr.*, 829 A.2d 750, 751 (Pa. Cmwlth. 2003). As our Supreme Court has explained:

> [I]nternal prison operations are more properly left to the legislative and executive branches, and . . . prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference. We agree. Unlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration and the full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding . . . .

*Bronson v. Cent. Office Rev. Comm.*, 721 A.2d 357, 358-59 (Pa. 1998) (internal citations and quotation marks omitted).

Further,

> the Supreme Court [has] held the Commonwealth Court usually does not have *original* jurisdiction over an inmate's petition for review after a grievance proceeding.

3

The [Supreme] Court held that original jurisdiction was not available in a case not involving constitutional rights not limited by the [Department]. Noting that prison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens, the Court concluded that an attempt to color the confiscation as a constitutional deprivation would fail. Unless an inmate can identify a personal or property interest [] not limited by [Department] regulations and which has been affected by a final decision of the [D]epartment[,] the decision is not an adjudication subject to [an appellate] court's review.

*Weaver*, 829 A.2d at 751 (internal citations, quotation marks, and brackets omitted) (italics in original).

Additionally, as prerequisite to bringing a prison conditions claim in this Court's original jurisdiction, prisoners must first exhaust all administrative remedies available at the state prison level. *See Minor v. Kraynak*, 155 A.3d 114, 124 (Pa. Cmwlth. 2017). The purposes of this exhaustion requirement are to prevent premature judicial intervention in the administrative process and to ensure that claims will be addressed by the agency with expertise in the area. *Funk v. Dep't of Env't Prot.*, 71 A.3d 1097, 1101 (Pa. Cmwlth. 2013); *Gardner v. Dep't of Env't Res.*, 658 A.2d 440, 445 (Pa. Cmwlth. 1995) (stating that "[t]he reasons for requiring exhaustion are that it is more efficient to allow an agency to proceed uninterrupted until its conclusion so that it can find facts, apply its expertise and exercise its discretion"). If a prisoner fails to complete each of the steps required by the grievance process, he has failed to exhaust his administrative remedies. *See Paluch v. Palakovich*, 84 A.3d 1109, 1113 (Pa. Cmwlth. 2014) (failure of prisoner to timely submit grievance ruled failure to exhaust administrative remedies); *see also Humphrey v. Dep't of Corr.*, 939 A.2d 987, 993 (Pa. Cmwlth. 2007) (where inmate

4

did not allege he made a timely appeal to the facility manager or the Department, he failed to exhaust administrative remedies); *Salter v. Lamas* (Pa. Cmwlth., No. 369 C.D. 2013, filed Oct. 4, 2013),[4] slip op. at 10 ("[W]hen an inmate fails to appeal the denial of his grievance to final review with the Department, he has failed to exhaust his administrative remedies under Section 93.9 and DC-ADM 804.").

The Department's grievance process is broadly described at Section 93.9 of the Department's Regulations, 37 Pa. Code § 93.9.[5] Pursuant to Section 93.9 of the Regulations, the process is also governed by DC-ADM 804, the Department's policy statement setting forth the inmate grievance system. DC-ADM 804 states that a grievance or an appeal from denial of a grievance must include a statement of facts and reasons for seeking relief that cannot "exceed two pages." DC-ADM 804

---

[4] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

[5] Section 93.9 provides:

> (a) The Department will maintain an inmate grievance system which will permit any inmate to seek review of problems which the inmate experiences during the course of confinement. The system will provide for review and resolution of inmate grievances at the most decentralized level possible. It will also provide for review of the initial decision making and for possible appeal to the Central Office of the Department. An inmate will not be disciplined for the good faith use of the grievance systems. However, an inmate who submits a grievance for review which is false, frivolous or malicious may be subject to appropriate disciplinary procedures. A frivolous grievance is one in which the allegations or the relief sought lack any arguable basis in fact as set forth in DC-ADM 804--Inmate Grievance System, which is disseminated to inmates.
>
> (b) Inmates may also pursue available remedies in State and Federal court.

37 Pa. Code § 93.9.

5

§§ 1-3, 2-1, 2-5, 2-10, 3-2, 3-4 & Attachments 1-A, 2-A, 2-E.  After a grievance has been addressed by a Grievance Officer and then the Facility Manager where the inmate is incarcerated, the next step is an appeal to the Department Secretary's Office of Inmate Grievances and Appeals (Grievance Office).  DC-ADM 804 § 2(B).  The Grievance Office issues either a "Final Appeal Decision" or a "Final Appeal Decision Dismissal" indicating "one of the following dispositions: Uphold Response, Uphold Inmate, Dismiss, or Uphold in Part/Deny in Part."  DC-ADM 804 § 2-7.[6]  A "Final Appeal Decision" addresses the merits of an appeal and generally includes some explanation of the basis for the determination.  *See Freemore v. Dep't of Corr.*, 231 A.3d 33, 36 (Pa. Cmwlth. 2020) (upholding initial and secondary grievance determinations concerning cost deductions from inmate's account).  By contrast, a "Final Appeal Decision Dismissal" is formatted as a checklist indicating that the grievance is being dismissed based on one or more procedural grounds such as timeliness, duplication of a pending or resolved grievance, failure to attach relevant documentation, failure to comply with submission and formatting procedures, or, as in Goodley's case, excessive length.  *See, e.g.*, Petition Ex. B.

Here, the Department asserted in the Preliminary Objections that Goodley's noncompliance with the page length limitations of the grievance process amounted to a failure to exhaust administrative remedies.  *See* Department's Preliminary Objections ¶¶ 17-20.  To the Department, this was clear from Goodley's pleadings and attachments, specifically the Department's grievance dismissal, which

---

[6] "Uphold Response" determinations are in favor of the Department's prior "response" or handling of the grievance and "Uphold Inmate" determinations are in favor of the inmate. *Compare Alexander v. Fritch*, No. 07-1732, 2010 WL 1257709, at *9 (W.D. Pa. Mar. 26, 2010) ("Uphold Response"), *with Diaz v. Palakovich*, 448 F. App'x 211, 214 (3d Cir. 2011), 2011 WL 4867549, at *2 ("Uphold Inmate").  As discussed below, a "Dismiss" designation is issued when a grievance or appeal is procedurally defective.

was based solely on the grievance's excessive page length and was not an adjudication on the facts and merits. *See id.*

Although Goodley asserted in his Petition that he exhausted his administrative remedies, his contention is belied by the grievance dismissal attached to his Petition. *See* Petition ¶ 7 & Ex. B. The grievance dismissal states plainly that Goodley's appeal to the Grievance Office for final review of his grievance exceeded the Department's page length limitations and was dismissed on that basis. *See* Petition Ex. B. There is no indication in the Petition or attachments that Goodley cured the defect and resubmitted his appeal for a final review on the merits. *See generally* Petition & Exs. Because Goodley failed to correct his procedurally defective grievance filing to comply with the Department's procedures and obtain a final merits determination, he failed to complete all steps in the Department's statutorily authorized and mandatory grievance process before seeking this Court's consideration. Therefore, this Court does not have jurisdiction over the matter. *Paluch*; *Salter*; *Humphrey*.

The Petition also fails to meet any recognized exception to the doctrine of failure to exhaust administrative remedies.

> The first exception is where the jurisdiction of an agency is challenged. The second exception is where the constitutionality of a statutory scheme or its validity is challenged. The third exception is where the legal or equitable remedies are unavailable or inadequate, or the administrative agency is unable to provide the requested relief.

*Keystone ReLeaf LLC v. Pa. Dep't of Health*, 186 A.3d 505, 514 (Pa. Cmwlth. 2018). Here, jurisdiction of the Department is not at issue, and the constitutional and inadequacy exceptions are not applicable.

7

Regarding the constitutional exception, a party seeking to avoid a determination that he has failed to exhaust his administrative remedies must demonstrate a "substantial question of constitutionality (and not a mere allegation)." *Keystone*, 186 A.3d at 514. The exception applies to facial challenges "made to the constitutionality of the statute or regulation as a whole, and not merely to the application of the statute or regulation in a particular case." *Id.* Here, Goodley's challenge is to the manner in which the Department's arrangement with Contractor impacted his incoming personal mail. Although his assertion of governmental interference with his right to enjoyment of his property entails constitutional components, his is an as-applied rather than a facial challenge and therefore does not meet this exception.

Regarding the inadequacy exception, an administrative remedy is inadequate if it either: "(1) does not allow for adjudication of the issues raised . . . or (2) allows irreparable harm to occur to the [petitioner] during the pursuit of the statutory remedy." *Keystone*, 186 A.3d at 517. A party claiming this exception must make a "clear showing that the remedy is inadequate." *Id.* Here, Goodley has made no such assertion, and his Petition and exhibits do not suggest that the remedies available through the Department's grievance process were inadequate. Further, there is no indication that the Department would not have addressed Goodley's grievance on its merits had he complied with the page limitations. Although Goodley avers that Contractor's handling of his incoming personal mail caused him distress, *see* Petition ¶ 12, he did not assert that compliance with the process and proper exhaustion of his administrative remedies would have caused him irreparable harm, and we see no reasonable basis to determine this was or would be the case. Therefore, Goodley's Petition does not meet the inadequacy exception.

As Goodley has not exhausted his administrative remedies and has not met any of the potentially applicable exceptions to the doctrine of failure to exhaust administration remedies, this Court lacks jurisdiction and cannot address his substantive claims.

In accordance with the foregoing, the Department's Preliminary Objection asserting failure to exhaust administrative remedies is sustained and the Petition is dismissed.[7]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[7] In light of our determination on the basis of failure to exhaust administrative remedies, we do not reach the Department's remaining Preliminary Objections, nor do we comment on their potential merits.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darrell Goodley,                :
          Petitioner         :
                        :
        v.                :
                        :
John E. Wetzel and Robert Gilmore,  :   No. 704 M.D. 2019
          Respondents    :

## O R D E R

AND NOW, this 16th day of April, 2021, the preliminary objection of the Department of Corrections asserting failure to exhaust administrative remedies is SUSTAINED. The Petition is DISMISSED.

_____
CHRISTINE FIZZANO CANNON, Judge