IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Damon Wheeler, Sr.,                          :
                          Petitioner          :
                                              :
        v.                                    :    No.  196 M.D. 2021
                                              :    Submitted:  March 18, 2022
Department of Corrections,                    :
                          Respondent          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  June 1, 2022


        Damon Wheeler, Sr. (Petitioner), has filed a *pro se* second amended petition

for review in our original jurisdiction, requesting that we direct the Department of

Corrections (Department) to credit additional time served toward his sentence of

incarceration, and that we "dismiss" any fines, costs, or restitution he currently pays.

The Department responds by filing an amended preliminary objection in the nature

of a demurrer.  After careful review, we sustain the amended preliminary objection

and dismiss Petitioner's second amended petition for review with prejudice.

## I.    Background

        Petitioner filed an initial petition for review on June 10, 2021, followed by an

amended petition for review on July 28, 2021, and a second amended petition for

review on August 2, 2021.  Petitioner avers he is serving sentences of incarceration

related to three Cambria County docket numbers: CP-11-CR-0001294-2019 (Docket 1294), CP-11-CR-0001296-2019 (Docket 1296), and CP-11-CR-0001301-2019 (Docket 1301). Petitioner avers that he was first arrested in connection with his crimes on May 11, 2019, and that he remained incarcerated continuously after that date. According to Petitioner, the Cambria County Court of Common Pleas (trial court) imposed sentence at Docket 1301 on June 22, 2020, and at Dockets 1294 and 1296 on March 15, 2021. Petitioner attaches sentencing orders from his cases to his second amended petition for review, all of which direct that he receive credit for time served. Despite this, Petitioner avers that the Department granted him credit from only July 19, 2019, until his first sentencing on June 22, 2020.[1] Petitioner argues he should receive additional credit from the date of his initial arrest on May 11, 2019, until July 19, 2019, and from his first sentencing on June 22, 2020, until his second sentencing on March 15, 2021.

Petitioner further avers that the trial court sentenced him to pay an aggregate of $600 and no other fines, costs, or restitution. Petitioner argues that trial courts imposing fines, costs, and restitution must hold a hearing to consider, among other things, the defendant's pecuniary gain from the crime and the ability to meet family responsibilities. He avers there were no pecuniary gains from his crimes and that his family responsibilities will prevent him from paying financial penalties. Thus, Petitioner requests that this Court "dismiss[] with prejudice" all financial penalties against him.[2] Second Am. Pet. for Rev. ¶ 3q.

_____

[1] Petitioner explains in his brief that he was incarcerated upon his arrest in Philadelphia on May 11, 2019, and then transferred to Cambria County Prison on July 19, 2019. Pet'r's Br. at 1.

[2] In addition, Petitioner claims for the first time in his brief that the Department already deducted the $600 it says he owes and yet continues to collect money from him. Pet'r's Br. at 2, 5-6, 22-23.

The Department filed a preliminary objection in the nature of a demurrer on September 9, 2021, followed by an amended preliminary objection in the nature of a demurrer on October 14, 2021. Petitioner filed an answer on November 29, 2021. The Department avers Petitioner did not attach all relevant sentencing documents to his second amended petition for review, most notably his Form DC-300B at Docket 1301.[3] The Department provides this Court with Petitioner's Form DC-300B, which indicates that the trial court granted Petitioner 340 days of credit for time served at Docket 1301, corresponding to the period from July 19, 2019, until Petitioner's first sentencing on June 22, 2020. The form further indicates that the trial court imposed fines of $200, costs of $2,499.23, and a charge of $60 toward the Crime Victim's Compensation Fund. The Department avers the trial court ordered Petitioner's credit for time served and the financial penalties of his sentence. It contends that it has no power to modify the sentence, and that, if Petitioner wanted to challenge his credit for time served or any financial penalties, the trial court was the correct forum to do so.

## II. Discussion

In ruling on the Department's amended preliminary objection, this Court must limit its review to Petitioner's second amended petition for review and any attached documents or exhibits. *Freemore v. Dep't of Corr.*, 231 A.3d 33, 37 (Pa. Cmwlth. 2020) (quoting *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010)). While "we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments," we need not

---

[3] At the time an inmate enters the Department's custody, the sheriff or other transporting official must provide, among other things, a copy of the inmate's sentencing order and "a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System . . . ." 42 Pa.C.S. § 9764.

accept legal conclusions, unwarranted factual inferences, argumentative allegations, or opinions. *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018) (citing *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994)). We will sustain a preliminary objection in the nature of a demurrer only if "it is clear and free from doubt that the law will not permit recovery under the facts alleged." *Comrie v. Dep't of Corr.*, 142 A.3d 995, 1000 n.10 (Pa. Cmwlth. 2016) (citing *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)).

We begin our review by considering whether we may sustain the amended preliminary objection based on information in Petitioner's Form DC-300B, which Petitioner did not reference in, or attach to, his second amended petition for review. This constitutes an impermissible "speaking demurrer." *Smith v. Pa. Emps. Benefit Tr. Fund*, 894 A.2d 874, 877 n.3 (Pa. Cmwlth. 2006) (*en banc*) (citing *Martin v. Dep't of Transp.*, 556 A.2d 969 (Pa. Cmwlth. 1989)). The Department proposes that we review the Form DC-300B under a limited exception to the rule against speaking demurrers. This exception applies to "'documents filed in support of a demurrer where a [petitioner] has averred the existence of certain . . . documents and premised his cause of action upon those documents.'" *Richardson v. Wetzel*, 74 A.3d 353, 358 n.4 (Pa. Cmwlth. 2013) (quoting *Barndt v. Dep't of Corr.*, 902 A.2d 589, 591 n.2 (Pa. Cmwlth. 2006)). The Department's position is tenuous because Petitioner does not aver that the Form DC-300B exists, and he relies entirely on the text of the trial court's sentencing orders to pursue his claims. We therefore decline to rely on the Form DC-300B when rendering our decision in this case.

Nonetheless, even excluding Petitioner's Form DC-300B from our review, we conclude we must sustain the Department's amended preliminary objection. This Court may take judicial notice of information contained in public dockets. *Moss v.*

4

*SCI – Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) (citing *Deyarmin v. Consol. Rail Corp.*, 931 A.2d 1 (Pa. Super. 2007)). Review of Petitioner's public dockets readily demonstrates that he has failed to state a claim for which we may grant him relief.

We first address Petitioner's contention that he should receive credit for time served starting on May 11, 2019, rather than July 19, 2019, and that he should receive credit from his first sentencing on June 22, 2020, at Docket 1301 until his second sentencing on March 15, 2021, at Dockets 1294 and 1296. As Petitioner maintains, the trial court's sentencing orders award him credit for time served at all three of his cases. While the orders do not specify a particular amount of credit, Petitioner's public dockets indicate that the trial court's June 22, 2020 sentence at Docket 1301 included a credit of 340 days. This supports the Department's assertion that the trial court determined Petitioner would receive credit beginning in July 2019, and that the Department is complying with the trial court's directive. It is the Department's duty to implement an inmate's sentence. *McCray v. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005). While an inmate may file a petition for review requesting that the Department correct a mistake in computing a sentence, the Department has no power to modify a sentence at the inmate's request. *Id.* at 1130-33. Even accepting for the sake of argument that the trial court's sentencing orders are ambiguous as to credit for time served, Petitioner should have sought clarification from the trial court. *See Oakman v. Dep't of Corr.*, 893 A.2d 834, 836-37 (Pa. Cmwlth. 2006) (citing *Black v. Dep't of Corr.*, 889 A.2d 672 (Pa. Cmwlth. 2005)).

Moreover, although the trial court's sentencing orders indicate that Petitioner would receive credit for time served at all three cases, the public dockets indicate that Petitioner's sentences at Dockets 1294 and 1296 do not include credit. This is

5

consistent with our law, which provides that credit on a particular sentence "can only be given when it has not already been credited against another sentence." *Taglienti v. Dep't of Corr.*, 806 A.2d 988, 992 (Pa. Cmwlth. 2002) (citing 42 Pa.C.S. § 9760). Once the trial court granted Petitioner credit at Docket 1301 for the period from his initial incarceration until his first sentencing on June 22, 2020, it could not grant that credit again at Dockets 1294 and 1296. Similarly, once Petitioner began serving his sentence at Docket 1301, he was no longer earning credit toward a future sentence. His claim that he should receive credit for the time he was incarcerated between his first sentence on June 22, 2020, and his second sentence on March 15, 2021, fails.

We next consider Petitioner's challenge to the imposition of fines, costs, and restitution. Regarding the first aspect of Petitioner's claim, the trial court expressly imposed certain financial penalties against him in its sentencing orders. Petitioner's argument appears to be that the trial court failed to follow the proper procedure and consider the necessary factors when imposing those penalties.[4] Because Petitioner is challenging the trial court's ability to impose the financial aspects of his sentence, we conclude once again that the correct forum for Petitioner to pursue relief was the trial court. *George v. Beard*, 824 A.2d 393, 396 (Pa. Cmwlth. 2003) ("[W]hile in custody under sentence, an offender's sole avenues to challenge payment of financial aspects of the sentence are direct appeal or postconviction proceedings."). As we explained, it is the Department's duty to implement Petitioner's sentence. *McCray*,

---

[4] For example, Petitioner invokes factors such as the defendant's pecuniary gain from the crime and the ability to pay. These factors relate to a trial court's authority to impose a fine at sentencing. 42 Pa.C.S. § 9726(b)-(d) (providing, in relevant part, that a trial court may impose a fine in addition to a sentence of confinement where, "the defendant has derived a pecuniary gain from the crime," but that the trial court shall not impose a fine "unless it appears of record that: . . . the defendant is or will be able to pay the fine . . . .").

872 A.2d at 1133. The Department lacks the power to modify Petitioner's sentence at his request. *Id.* at 1130-33.

Petitioner raised the second aspect of his claim, that the Department continues to collect money from him despite having already deducted everything he owes, for the first time in his brief. Because we must limit our review to the second amended petition for review and any attached documents or exhibits, we cannot consider this belated argument. *See Freemore*, 231 A.3d at 37. Even reaching the merits of this argument, it would fail. Petitioner avers that the trial court sentenced him to pay an aggregate of $600 and no other costs, fines, or restitution. Upon review, the trial court's sentencing orders direct Petitioner at Docket 1301 to pay $200 "for the use of Cambria County," $200 for the Substance Abuse Education Fund, and $200 for the Special Administration Fund. Second Am. Pet. for Rev., Exs. Significantly, the trial court also ordered Petitioner to pay the costs of prosecution. The public docket lists a variety of costs, with the outstanding balance of all financial penalties totaling over $1,300. Petitioner is simply mistaken in his belief that the trial court ordered him to pay a total of only $600.[5]

### III. Conclusion

We agree with the Department that Petitioner failed to state a claim for which we may grant relief regarding his credit for time served and financial penalties. As a result, we sustain the Department's amended preliminary objection in the nature

---

[5] The trial court also sentenced Petitioner to pay the costs of prosecution at Dockets 1294 and 1296 but included handwritten notations that payment should begin after Petitioner's release.

of a demurrer, and we dismiss Petitioner's second amended petition for review with prejudice.[6]

_____
STACY WALLACE, Judge

---

[6] Petitioner attached a trial court order dated May 25, 2021, to his initial petition for review. This order reads, "after a hearing with the Defendant pro se, and upon explanation of jurisdiction of the Court, the Defendant's Motion for Time Credit is DENIED." Pet. for Rev., Exs. The order also appears on Petitioner's public docket at Docket 1301. This suggests that Petitioner has already sought relief in the trial court, and that the trial court denied relief on jurisdictional grounds. We are cognizant of the troubling possibility that Petitioner sought relief in the trial court, that the trial court instructed Petitioner to seek relief here, and that we are now indicating that Petitioner should have sought relief in the trial court, when the trial court has already declined to address Petitioner's claims. It is not our intent to "toss [Petitioner's] claims back and forth, rather than adjudicating those claims . . . ." *Stockton v. Wetzel*, 228 A.3d 1289, 1290 (Pa. 2020) (Wecht, J., concurring). Rather, we conclude that our law requires us to dismiss. To the extent Justice Wecht's concurring statement in *Stockton* suggests we should transfer this case, rather than dismissing, we cite for its persuasive value our recent unreported opinion in *Burton v. Wetzel* (Pa. Cmwlth., No. 130 M.D. 2021, filed Feb. 10, 2022). In that case, we concluded that we could not transfer a petition for review action to the Court of Common Pleas, as the respondent in this Court was the Department's Secretary, John E. Wetzel, and the necessary respondent before the Court of Common Pleas would be the Commonwealth, with the district attorney representing its interests. *See also Lee v. Pa. Bd. of Prob. & Parole*, 251 A.3d 842, 848 (Pa. Cmwlth. 2021) (explaining that this Court could not "simply transfer this matter to its original jurisdiction against an unnamed party").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Damon Wheeler, Sr.,          :
              Petitioner     :
                            :
        v.               :   No.  196 M.D. 2021
                            :
Department of Corrections,     :
             Respondent   :

## **O R D E R**

**AND NOW**, this 1ˢᵗ day of June 2022, Respondent Pennsylvania Department of Corrections' amended preliminary objection in the nature of a demurrer is **SUSTAINED** and the second amended petition for review of Petitioner Damon Wheeler, Sr., is **DISMISSED** with **PREJUDICE**.

_____
STACY WALLACE, Judge